DANIEL GRAHAM, Appellee, *vs.* THE MATTOON CITY RAILWAY COMPANY, Appellant.

*Opinion filed April 23, 1908—Rehearing denied June 5, 1908.*

1. APPEALS AND ERRORS—*effect where an objection is first made when question is repeated.* Where the question whether plaintiff in a personal injury case is a married man is asked and answered in the affirmative without objection by the defendant or a motion to strike out the answer, the fact that an objection is made and sustained when the question is repeated later in the examination does not place the defendant in any better position than if no objection was made at all, and he cannot avail of the error in allowing the question to be asked and answered the first time.

2. EVIDENCE—*when evidence that the plaintiff had not sufficient education to fill clerical position is competent.* In a personal injury case, where the evidence shows that the injury has largely incapacitated the plaintiff from performing duties involving a tax upon physical strength, evidence that the plaintiff could not read and write well and did not have sufficient education to fill a clerical position is admissible upon the question of damages.

3. SAME—*when objection to expert testimony is not available.* An objection that part of a physician's testimony, to the effect that plaintiff's loss of flesh might be due to the pain he suffered, was based upon subjective symptoms cannot be availed of as error on appeal, where no objection was made to the testimony at the time and no motion was made to exclude it after it developed, upon cross-examination, that the physician's statement as to the pain was based upon the manifestations and remarks of the plaintiff when the physician examined his injuries.

4. SAME—*what testimony by a physician is not objectionable.* Where a physician has testified to the fact of his examination and measurements of plaintiff's injured foot, and stated what they disclosed, it is not improper to allow him, in answer to the question what he thought was the "medical condition" of the foot, to state

that from his examination he was of the opinion the plaintiff was suffering from tuberculosis of the bones of the ankle and instep.

5. MASTER AND SERVANT—*a motorman does not assume risk of collision due to company's negligence.*  A motorman who.is ordered to take out an extra interurban car and to meet a regular car at a certain switch, does not, by obeying the order, assume the risk of a collision due to the negligence of the company in failing to notify the crew of the regular car that the extra was coming or to make the proper meeting point.

6. SAME—*when question of motorman's contributory negligence is one of fact.*  Whether the motorman of an interurban car, who was injured in a collision, was guilty of contributory negligence in sitting on a stool instead of standing, so as to have a better view, is a question. of fact for the jury, where the evidence shows he was looking ahead at the time and applied the brakes as soon as he saw the other car coming, and where he had no reason to expect the other car at that point, having had orders to meet it at a certain switch further on.

7. TRIAL—*counsel may state what he thinks is a fair compensation for the plaintiff's injury.*  Counsel may, in his argument in a personal injury case, tell the jury what, under the evidence, he considers a fair compensation for the injuries received, and the fact that he says that the "sum of $10,000 which he asked you to give him in his declaration is what he should fairly have," is not ground for reversal, as referring to the amount claimed in the declaration.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the City Court of Mattoon; the Hon. HORACE S. CLARK, Judge, presiding.

H. M. STEELY, and ANDREWS & VAUSE, for appellant.

BRYAN H. TIVNEN, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Daniel Graham recovered a judgment in the city court of Mattoon against the Mattoon City Railway Company for $5000 on account of personal injuries received by the plaintiff in a collision of an east-bound car on which the plaintiff was motorman and a west-bound car running from Charleston to Mattoon, over defendant's line of road. This judg-

ment has been affirmed by the Appellate Court for the Third District, and the railroad company has perfected an appeal to this court, and has assigned error upon the rulings of the court in the admission of testimony, the refusal of the court to direct a verdict, alleged improper remarks of counsel in addressing the jury, and upon the giving of instructions on behalf of appellee.

Appellant operates a single track electric railway running east from Mattoon to Charleston, a distance of approximately twelve miles. Going east from Mattoon, the first switch is Banana siding, about seven blocks from the starting point. About one mile and three-quarters east of Banana siding is another switch, called Jones' switch. Still further east is another station, called Loxa, which is about six miles from Mattoon; and east of Loxa is Urban Park, where games of baseball were played usually three days out of the week during the summer. About midway between Banana siding and Jones' switch appellant's track curved north for a distance of over 1300 feet. Following this curve the track was straight for 375 feet, then there was another curve to the north-east for about 1600 feet. Appellant operated two regular cars between Mattoon and Charleston, known as cars Nos. 11 and 12. The usual running time between the two cities is thirty minutes. These regular cars were operated upon an established time-table. Appellee was motorman on car No. 12, which was scheduled to leave Mattoon at 1:45 P. M. On the day of the accident appellee was directed by the superintendent to turn car No. 12 over to another crew and to take car No. 18 to Urban Park for the accommodation of persons who might desire to attend the ball game to be played at that place on that day. Car No. 11 was scheduled to leave Charleston at 1:45. When appellee was ordered to take extra No. 18 to Urban Park he was ordered to proceed to Jones' switch and there pass No. 11, coming west. Appellee, in charge of extra No. 18, left Mattoon a few minutes past two o'clock. Appellant failed to

notify the employees in charge of No. 11, coming west, that an extra was being sent out, and the employees in charge of No. 11 had no notice whatever that they were expected to meet an extra at Jones' switch or elsewhere on the track. About midway between Banana siding and Jones' switch the two cars collided. In the collision appellee sustained the injuries for which this suit is brought. The negligence charged in the declaration is in ordering appellee to take extra car No. 18 out, and negligently failing to give notice to the servants in charge of No. 11 of the fact that appellee's car was being run east at that time.

Appellant complains of the rulings of the trial court in admitting, over its objection, improper and irrelevant evidence. Appellee became a witness in his own behalf, and on page 57 of the record, which is the second page of appellee's testimony, he was asked this question: "You are a married man?" to which appellee answered: "Yes, sir." There was no objection to this question by appellant and the court was not asked to make a ruling upon it. Again, on page 83 of the record and near the close of appellee's testimony, the same question was again asked and answered in the same way. At this time appellant objected to the question as immaterial and improper. The court sustained the objection and excluded the answer, and the record shows that appellee's counsel excepted to that ruling of the court. Appellant's position is that, the question having been answered, the injury was not removed by a favorable ruling excluding the answer from the jury. This testimony was irrelevant and improper, but it does not follow necessarily that the judgment should be reversed for that reason. Whatever injury may have been produced, if any, by this evidence was done when the question was first asked and answered without objection. The mere repetition of it at the close of appellee's testimony could add nothing to the force of the evidence which had already gone to the jury without objection. There was no motion to strike out the

appellee's answer to the question when it was first asked. Having failed to object at the proper time, we think that appellant must be held to have waived its right to have its objection, made when the question is repeated at a later stage in the trial, considered as applicable to the same question when asked in the first instance. The fact proven to which appellant objects being in the record without objection at the time the question objected to was asked, appellant is in no better position to complain than if it had made no objection whatever at any time.

Appellant also complains of a ruling of the trial court permitting appellee to testify that he did not have sufficient education to fill a clerical position. The general rule upon this subject is, that all evidence tending to show the character of the ordinary pursuits followed by the party injured, and the extent to which the injury has prevented and will prevent him from following them, is admissible. (*District of Columbia* v. *Woodbury,* 136 U. S. 450; Sutherland on Damages, sec. 1248.) The object to be attained in all such cases is to ascertain, as accurately as possible, the amount of money which will fairly compensate the injured party for the damages sustained. The law does not assume that a particular injury calls for a definite amount of compensation. The just compensation contemplated by the law may vary widely in different cases, even where the physical injury is the same in consequence of the different situations of the persons injured and their ability or want of ability to pursue some lucrative employment. Undoubtedly, an injury which incapacitates one from following the only calling which he is able to pursue would entitle him to more compensation than the same injury would if he were qualified to take up some other equally profitable pursuit notwithstanding the injury. It has been held that the injured party may show, as bearing upon the question of his damages, that he had learned no business or trade, had no education and could not do office work. (Sutherland on Damages, sec. 1248;

13 Cyc. 203; *Helton* v. *Alabama Midland Co.* 97 Ala. 275; *McCoy* v. *Milwaukee Street Railway Co.* 88 Wis. 56.) The evidence shows that appellee was a strong, vigorous man at the time of. and previous to the injury. He weighed at that time nearly three hundred pounds. At the time of the trial he weighed one hundred and eighty-eight pounds. His physical strength and ability to perform manual labor were very seriously impaired as a result of his injuries. He was incapable, in consequence of the injury to his foot, of following his usual business, hence it was pertinent, as bearing upon the amount of just compensation to be awarded, to inquire whether appellee had such qualifications as would enable him to engage in some employment that would not be such a heavy tax upon his physical strength. There was no error in permitting appellee to testify that he could not read and write well and did not have education enough to fill a clerical position.

It is next contended by appellant that the court erred in permitting Dr. Freeman to testify as an expert, basing his opinion upon subjective symptoms. We have carefully read the testimony given by Dr. Freeman, but we fail to find any basis for appellant's contention in this regard. In the examination in chief of Dr. Freeman he was asked: "What medical condition do you say exists in that foot?" This question was objected to and the objection overruled and the following answer was given:. "From my examination, my opinion is that he is suffering from tuberculosis of the bones of the ankle and instep." The doctor had previously testified to having made two examinations of appellee's foot and that he had found the foot swollen both times, and reddened. He testified to making measurements and finding the injured foot an inch and a quarter larger than the other. The witness said that it seemed to give him great pain in flexing the foot or bending the instep, and that he found several points of tenderness on examining the ankle or different bones which enter into the instep. In answer

to a hypothetical question embodying the facts of the appellee's case and his loss of flesh, the physician testified that the loss of flesh might be due to the pain from which the patient was suffering and also to the tuberculosis process as a result of the injury. Upon cross-examination the appellant drew out the fact that the doctor's statements as to the existence of pain were based upon statements and manifestations of appellee at the time the examination was made. The abstract does not show any motion to exclude any portion of Dr. Freeman's testimony or any objection to that portion of it relating to the pain of the appellee at the time it was given. All that was objectionable in the testimony of Dr. Freeman was given without objection and without any motion to exclude it after its objectionable character was shown on cross-examination.

Appellant contends that the court erred in refusing to direct a verdict in its behalf. The grounds upon which this contention is based are, that the undisputed evidence shows that the injury resulted from an assumed risk and that appellee was guilty of contributory negligence. Appellant's position on neither of these questions is tenable. There is no element of assumed risk in the case. Appellee was ordered by appellant to take car No. 18 and run to Urban Park and to pass No. 11 at Jones' switch. He obeyed this order. He had a right to expect that appellant would protect him from the danger of a collision with No. 11 by notifying the servants in charge of that car that No. 18 would meet it at Jones' switch. Appellant did not notify the crew on No. 11, and its failure in this regard caused the collision. To hold that appellee assumed the risk from such a danger would be to establish the rule that a master may order his servant to perform an act which is apparently safe, but which by the negligence of the master, without the knowledge of the servant, is rendered extremely dangerous, and then escape liability on the ground of assumed risk. A collision resulting from the failure of appellant to discharge a

duty imposed by the law and enforced by every considera-
tion for the lives of its employees and patrons is not one of
the ordinary and usual hazards of operating an electric car.

Nor can it be said that appellee was guilty, as a matter
of law, of contributory negligence which precludes his right
of recovery. It is argued upon this point that the evidence
shows that appellee was sitting on a stool when he should
have been standing, and that if he had been standing he
could have seen car No. 11 in time to have avoided the col-
lision. Appellee, as already indicated, had no reason to an-
ticipate that he would meet No. 11 before he arrived at
Jones' switch. The evidence shows that appellee was look-
ing forward, and as soon as he discovered the car approach-
ing in front of him that he applied the brakes and did all in
his power to avoid a collision. The question of contribu-
tory negligence was one of fact for the jury, and there was
no error in refusing to direct a verdict upon either of the
grounds suggested.

It is next urged that the court erred in giving instruc-
tions for appellee. The court gave five instructions for ap-
pellee, which occupied less than two pages of the abstract.
At the request of appellant the court gave twenty-seven in-
structions, which occupy eleven pages of the abstract. Each
of the five instructions given for appellee is criticised by
appellant. There is no merit in any of the points made by
appellant against appellee's instructions. The instructions
given for appellee have been approved by this court, and we
do not deem it necessary to re-state the grounds upon which
our previous rulings have been made. The first instruction
tells the jury that if the plaintiff has made out his case as
charged in the declaration, or some count thereof, by the
greater weight of the evidence, then it will be the duty of
the jury to find for the plaintiff. This instruction has fre-
quently been before this court and it has not always been
held good. In the cases where it has been condemned the
question of assumed risk was involved and the declaration

did not negative this defense. But, as we have already seen, the question of assumed risk is not in this case, and it was therefore not error to give an instruction which ignores that question. The objections made by appellant to the other four instructions are highly technical and afford no sufficient reasons for interfering with the judgment below.

It is finally contended by appellant that this judgment should be reversed because of improper remarks made by counsel for appellee in his argument to the jury. The remarks to which appellant objects are, in part, as follows: "We say to you, gentlemen of the jury, and repeat it again, that the evidence shows a case of a man who in sound health weighed three hundred pounds,—an active man, whom this company trusted and employed; that this man is permanently injured; that the sum of $10,000 which he asked you to give him in his declaration is what he should fairly have, gentlemen of the jury." The objection made to these remarks is that they refer to the amount claimed in the declaration. We do not think that there is any valid objection to counsel, in argument, telling the jury what, under the evidence, counsel considers a fair compensation for the injuries received.

Appellee made a motion in this case to tax the cost of an additional abstract to appellant. This motion was taken with the case. Upon an examination of the original abstract, together with the additional abstract, we think that appellee was justified in filing said additional abstract in order to fully and fairly present the questions at issue. The motion to tax the cost of this additional abstract to appellant will be sustained, and the clerk of this court will be directed to tax the cost of such additional abstract to appellant, together with the other costs of the case.

Finding no reversible error in this record the judgment of the Appellate Court for the Third District is affirmed.

*Judgment affirmed.*