[No. 35058.   Department Two.   April 14, 1960.]

OLIVER JONES *et al.*, *Respondents*, v. CHESTER HOGAN *et al.*, *Appellants.*[1]

[1]Reported in 351 P. (2d) 153.

*Elvidge, Watt, Veblen & Tewell*, for appellants.

*Rohrs & Knecht*, for respondents.

*Leon L. Wolfstone* (of *Wolfstone & Piehler*), *William M. Robinson, W. J. Sinsheimer, Sam L. Levinson, McCutcheon, Soderland & Wells, R. Max Etter, John J. Kennett, Paul R. Roesch,* and *Theodore D. Peterson, amici curiae.*

FOSTER, J.—Appellants, defendants below, appeal from a judgment on a verdict for the respondent, plaintiff below, in a personal injury action.[2] While marketing in the appellants' store, respondent slipped on the contents of a broken bottle of spot remover.

---

[2] Only respondent wife was injured. Her husband was joined as a necessary party plaintiff. Wife alone is referred to in this opinion.

No error is claimed respecting any instruction nor in the admission or exclusion of evidence. A motion for new trial, or, in the alternative, for judgment notwithstanding the verdict were both argued and denied.

While the appellants' brief contains six separately numbered assignments of error, they are essentially (1) that the verdict on the issue of liability was the result of passion and prejudice, and (2) that the verdict is excessive and is the result of passion and prejudice.

There is no dispute that the respondent slipped on the contents of a broken bottle of spot remover, and that she was not present when it was broken. There was evidence that a clerk had warned her to avoid the slippery spot, but such was denied by respondent.

There was substantial evidence for and against appellants' liability. Consequently, this issue was for the jury's determination. Upon appeal, respondent is entitled to the most favorable view of the evidence with all favorable inferences. We cannot say that the jury's determination of liability was unjustified; the motion for judgment notwithstanding the verdict was, therefore, properly denied.

The testimony of physicians upon the extent of respondent's injuries sharply conflicted. There was testimony that, as a result of the fall, respondent sustained a severe lumbosacral sprain from which she would suffer pain and disability for a period of two years, although physicians called by the appellants testified that the injury was minimal. It is undisputed, however, that respondent was hospitalized and in traction for a period of five days.

This conflict was for the jury to resolve. We cannot say that the award of ten thousand dollars, plus the medical expenses, was unsupported by evidence, nor so large as to indicate passion and prejudice, either on liability or damages.

While the verdict might have been less, or for the defendants altogether, nevertheless, there is substantial evidence to support it. To reverse the judgment, appellants must show independent facts which may singly prejudice

the jury consideration or from which an over-all situation of unfairness may result.

Appellants rely upon two such occurrences.

■ The first occurrence is that respondent's counsel twice referred to her poverty in the presence of the jury. The facts are:

During cross-examination, respondent was asked whether she recalled the taking of her deposition. Respondent's counsel, not having a copy of the deposition, asked that it be published for his convenience in comparison, and said in the jury's presence:

"If the Court please, we haven't had the deposition transcribed, *we couldn't afford it.* May I have the Court's published so that I may check the questions?" (Italics ours.)

Upon objection, the remark was stricken, but no further request or motion was made until after verdict.

The second reference to poverty occurred during her counsel's final argument. The arguments are not preserved, but appear only from post-trial affidavits. There was evidence that respondent had rarely seen her doctor. As a result, appellants' counsel argued that her injury could not have been very severe. In answer, respondent's counsel suggested a number of possible reasons, one of which was, in substance, that perhaps "plaintiff could not afford to go running to the doctor frequently."

No objection was taken at the time by appellants' counsel, the explanation being that to object then would simply have emphasized the suggestion of respondent's poverty.

We agree that such comment before the jury was improper.

■ But, provocation aside, appellants cannot now complain. Upon the first reference to poverty, appellants' counsel objected, whereupon the court struck the remark. No more was asked. Upon the second reference, no action at all was asked of the trial court.

Appellants' brief states:

" . . . plaintiff's counsel's double reference to plaintiff's unproved poverty unmistakably inflamed the passion and

prejudice of the jury and denied defendant the right to a fair and impartial trial."

Appellants' reply brief states:

"Appellant submits that no instruction to the jury, in the nature of things under these particular circumstances, could remove the irreparable damage done by this second unwarranted reference to poverty."

Accepting appellants' contentions at face value, we must, none the less, conclude that appellants' failure to request appropriate relief by the trial court waived any error as to either or both references.

This court, in *Sun Life Assurance Co. v. Cushman*, 22 Wn. (2d) 930, 158 P. (2d) 101, held:

"It may be admitted that, in a case such as now before us, no admonition that could be given by the trial court could correct the situation, if actual misconduct had occurred; but respondents had a remedy, and it was their duty, if they expected to claim error based upon the alleged misconduct of appellant and the jury, not only to call the matter to the attention of the trial court, but also to claim a mistrial and ask that the jury be discharged and, upon the refusal of the trial court so to do, to take exception to such ruling, and not to wait, as did respondents in this case, until an adverse verdict had been rendered, and then, for the first time, claim error based upon such alleged misconduct.

"It seems to us that the procedure we have outlined is the orderly way to proceed and a procedure that should be followed in fairness to the trial court, and is one which, we think, is clearly sustained by our decisions and the authorities generally.

"We are of the opinion, therefore, that, in this case, respondents waived their right to claim error based upon the alleged misconduct of appellant and of the jury by failing to take the additional steps hereinbefore mentioned at the time such alleged misconduct was called to the attention of the court."

If misconduct occurs, the trial court must be promptly asked to correct it. Counsel may not remain silent, speculating upon a favorable verdict, and then, when it is adverse, use the claimed misconduct as a life preserver on a motion for new trial or on appeal. *Agranoff v. Morton*, 54 Wn. (2d) 341, 340 P. (2d) 811.

In *State v. Smails*, 63 Wash. 172, 115 Pac. 82, this court stated:

". . . The remedy for misconduct on the part of any one during the progress of a trial is to call the attention of the presiding judge to the alleged misconduct and move by some proper procedure to have the matter corrected. It is not timely to await the result of the trial and then complain only in the case of an adverse verdict. . . ."

The error, if any, was waived.

█ The second circumstance complained of and the principal issue presented is the claimed error in permitting the respondent's counsel, in his argument to the jury, to use a blackboard on which was displayed a mathematical formula for the determination of the item of damage for pain and suffering. What actually transpired is not precisely shown by the record because it was not reported and is presented by post-trial affidavits alone. It does appear, however, that the appellants' attorney objected and that the objection was overruled. In that ruling, the trial court said:

"Counsel is entitled to argument. I don't know that it goes beyond any legitimate argument. It has nothing to do with any testimony as to what happened in the case. It is purely argument. I believe he is entitled to that. . . .

"The Court is merely saying that he is arguing that that is what it is worth. There is no evidence, that is true, in the case, but that I don't think precludes him from making such estimates as he cares to in his argument."

It is certain, therefore, that the appellants went no farther than to object to the blackboard demonstration of a formula suggested by the respondent's counsel. Certain it is that counsel did not ask for a specific instruction directing the jury to disregard the argument, nor was a mistrial requested. The court did cover the matter in the instructions, as follows:

"You will also disregard any statement made by counsel on either side which is not sustained by the evidence, and any evidence which may have been offered on either side and not admitted by the court, and any evidence which after the admission was stricken by the court."

The court made a painstaking summary of the pleadings of both parties and, with respect to the amount of damage prayed for, specifically advised the jury that twenty-five thousand dollars was claimed as general damage and $307.76 claimed as special damage. The amount to be allowed plaintiff for pain and suffering was properly submitted to the jury. Indeed, appellants were obviously satisfied with the instructions upon this issue because they did not except thereto. Such instructions, therefore, became the law of the case.

The burden of appellants' argument is based upon *Botta v. Brunner*, 26 N. J. 82, 138 A. (2d) 713, 60 A. L. R. (2d) 1331 (1958). This subject has recently received the attention of a number of American courts. All of the cases and the periodical literature are collected in *Ratner v. Arrington* (Fla.), 111 So. (2d) 82, 88. Chief Judge Carroll for that court said that the weight of authority held the argument proper. He summarized the arguments opposing the use of the mathematical formula in the following paragraph:

"Authorities opposing per diem amount arguments as to damages for pain and suffering give varied reasons: (1) that there is no evidentiary basis for converting pain and suffering into monetary terms; (2) that it is improper for counsel to suggest a total amount for pain and suffering, and therefore wrong to suggest per diem amounts; (3) that to do so amounts to the attorney giving testimony, and expressing opinions and conclusions on matters not disclosed by the evidence; (4) that juries frequently are misled thereby into making excessive awards, and that admonitions of the court that the jury should not consider per diem arguments as evidence fail to erase all prejudicial effect; (5) that following such argument by plaintiff, a defendant is prejudiced by being placed in a position of attempting to rebut an argument having no basis in the evidence, with the result that if he does not answer plaintiff's argument in kind he suffers its effect on the jury, but if defendant does answer in kind he thereby implies approval of the per diem argument for damage determination for pain and suffering."

The arguments sustaining the use of the formula were summarized by Judge Carroll in the following paragraph:

"Authorities approving such arguments give numerous reasons: (1) that it is necessary that the jury be guided by some reasonable and practical considerations; (2) that a trier of the facts should not be required to determine the matter in the abstract, and relegated to a blind guess; (3) that the very absence of a yardstick makes the contention that counsel's suggestions of amounts mislead the jury a questionable one; (4) the argument that the evidence fails to provide a foundation for per diem suggestion is unconvincing, because the jury must, by that or some other reasoning process, estimate and allow an amount appropriately tailored to the particular evidence in that case as to the pain and suffering or other such element of damages; (5) that a suggestion by counsel that the evidence as to pain and suffering justifies allowance of a certain amount, in total or by per diem figures, does no more than present one method of reasoning which the trier of the facts may employ to aid him in making a reasonable and sane estimate; (6) that such per diem arguments are not evidence, and are used only as illustration and suggestion; (7) that the claimed danger of such suggestion being mistaken for evidence is an exaggeration, and such danger, if present, can be dispelled by the court's charges; and (8) that when counsel for one side has made such argument the opposing counsel is equally free to suggest his own amounts as inferred by him from the evidence relating to the condition for which the damages are sought."

The court's conclusions were announced in the following passage:

"True, the latter point is one which presently is giving courts much concern. Recent holdings, for and against the allowance of such arguments, are not grounded on reasons of sufficient force to compel the decision either way. The ultimate course of judicial opinion on the point is not yet discernible. Therefore, in approving the practice now we do not purport to foreclose the question. We do, however, now hold that the trial judge did not abuse his discretion in overruling appellants' objections to the use of the chart and the argument of appellee's counsel based on the chart."

More recently, the supreme court of Nevada in *Johnson v. Brown* (Nev.), 345 P. (2d) 754, overruled a claim of

error in the argument to the jury based upon the use of a blackboard on which was displayed an arithmetical formula on pain and suffering. That court specifically commented upon *Botta v. Brunner, supra,* as follows:

". . . In New Jersey, however, the rule is that neither court nor counsel are permitted to refer to the ad damnum clause of the complaint."

The opposite is true both in Nevada and Washington. Here, in an instruction to which no objection was taken at trial or now, the court instructed the jury precisely upon the amount of damages claimed by the plaintiff in the prayer of the complaint. The opinion of the supreme court of Nevada aptly observed as a reason for rejecting the New Jersey rule:

". . . Furthermore, it is common practice in this state for the trial court to instruct the jury that if its verdict is for the plaintiff, it should not be in excess of the particular amount specified in the prayer of the complaint."

There is no precise yardstick by which the monetary value of pain and suffering may be determined. Yet, a person suffering pain from the negligence of another may recover therefor. The jury must determine that amount guided only by ordinary experience. A verdict may be set aside only when it is so large as to indicate the influence of passion and prejudice. This lump-sum verdict cannot be so characterized.

Counsel is allowed a rather wide latitude[3] in jury argument, which is wisely left in the hands of the trial judge who, in this instance, instructed the jury to disregard any statement not sustained by the evidence. Undoubtedly a more specific admonition would have been given if asked, but appellants made no such request. In any event, whether improper argument requires reversal depends upon whether prejudice has been engendered which prevents a fair trial. *Slattery v. Seattle,* 169 Wash. 144, 13 P. (2d) 464. Argument is not evidence, and we cannot attribute to any jury in this state a lack of sufficient mentality to distinguish between

---

[3]*Krieger v. McLaughlin,* 50 Wn. (2d) 461, 313 P. (2d) 361.

the two. This is especially true after the court has instructed that any remark of counsel not sustained by the evidence should be disregarded.

■ Upon this record, we are unable to say any prejudice resulted. We neither approve nor disapprove of the argument in general. Each case must depend upon its own circumstances. We think the conclusion of the supreme court of Nevada in *Johnson v. Brown, supra,* sets a proper limit. That court said:

"Inasmuch as this type of argument may be used only for illustrative purposes, the trial court should insist that it be premised (and in this case it in effect was) by an admonition that the suggestions of counsel are not to be taken as evidence but are merely the thoughts of counsel as to what would be proper damages to award for this item. It should not hesitate to limit counsel whenever it feels that the rights of the jury to determine for itself what fair and reasonable compensation for such items of damages, are being invaded, or to give such further admonition as it deems necessary."

We find no error, and the judgment is affirmed.

FINLEY, ROSELLINI, and HUNTER, JJ., concur.

MALLERY, J., dissents.