(No. 36535.—

Charles Caley, Appellee, *v.* Daniel Manicke, Appellant.

*Opinion filed March 23, 1962.—Rehearing denied May 23, 1962.*

Solfisburg, J., dissenting.

Sears, Streit, Tyler & Dreyer, of Aurora, (John E. Dreyer, of counsel,) for appellant.

Blowitz & Ozmon, of Chicago, (Nat P. Ozmon and John G. Phillips, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

After a jury trial in the circuit court of Kane County, the plaintiff, Charles Caley, received a verdict and judgment of $20,000 against Daniel Manicke, defendant, for personal injuries allegedly suffered in a rear-end collision between their automobiles. The Appellate Court for the Second District affirmed the judgment, (*Caley* v. *Manicke*, 29 Ill. App. 2d 323,) but has granted a certificate of importance permitting defendant to appeal to this court as provided in section 75(2)(a) of the Civil Practice Act. Ill. Rev. Stat. 1959, chap. 110, par. 75(2)(a).

The important question presented for determination is whether the scope of proper jury argument permits the use of a mathematical formula from which counsel may argue that his client should be awarded a specific sum per day, or other fixed unit of time, for pain and suffering. With one justice vigorously dissenting, the Appellate Court in this instance concluded that argument of such character was proper. Even more recently in *Jensen* v. *Elgin, Joliet and Eastern Railway Co.* 31 Ill. App. 2d 198, (see dissenting opinion and additional opinion of the majority specially and partially concurring in the dissent,) an Appellate Court for the First District reached the same conclusion, but in *Brant* v. *Wabash Railroad Co.* 31 Ill. App. 2d 337, a contrary result, to some degree at least, appears to have been reached by the Appellate Court for the Fourth District. Insofar as this court is concerned, the issue is one of first impression.

The practice of counsel explaining to the jury a formula and suggested figures to arrive at a suggested amount of money for pain and suffering, is one that has come to the attention of reviewing courts in only recent years. The courts that have passed on the propriety of such argument are sharply divided on the result reached. We have carefully examined the cases which permit the use of a formula and suggested figures in argument (see e.g., *Yates* v.

*Wenk* (1961), 363 Mich., 311, 109 N.W.2d 828; *McLaney* v. *Turner* (1958), 267 Ala. 588, 104 So. 2d 315; *Ratner* v. *Arrington* (Fla. App. 1959), 111 So. 2d 82; *Louisville & Nashville Railroad Co.* v. *Mattingly* (Ky. 1960), 339 S.W.2d 155; *4-County Electric Power Assn.* v. *Clardy* (1954), 221 Miss. 403, 73 So. 2d 144; *Continental Bus System, Inc.* v. *Toombs,* (Tex. Civ. App. 1959), 325 S.W.2d 153,) those which deny the use of a formula and suggested figures in argument (see e.g., *Botta* v. *Brunner* (1958), 26 N.J. 82, 138 A. 2d 713; *Affett* v. *Milwaukee & Suburban Transit Corp.* (1960), 11 Wis.2d 604, 106 N.W.2d 274; *Faught* v. *Washam* (Mo. 1959), 329 S.W.2d 588; *Certified T.V. & Appliance Co.* v. *Harrington* (1959), 201 Va. 109, 109 S.E.2d 126; *Crum* v. *Ward* (W. Va. 1961), 122 S.E.2d 18,) and those which commit the matter to the discretion of the trial judge. (*Johnson* v. *Brown* (1959), 75 Nev. 437, 345 P.2d 754; *Jones* v. *Hogan* (1960), 56 Wash. 2d 23, 351 P.2d 153.) While the question is a close one, as evidenced by the divergence of opinion on the matter, we feel that such technique transcends the bounds of proper argument.

Those courts that have allowed counsel to use a formula and figures in argument generally do so because they feel (1) that a jury's determination of reasonable compensation for pain and suffering is arrived at by "a blind guess" and (2) that the jury needs to be guided by some reasonable and practical consideration. We do not take such a dim view of the jury's reasoning processes.

Pain and suffering have no commercial value to which a jury can refer in determining what monetary allowance should be given to a plaintiff for the pain and suffering he has experienced and is reasonably certain to experience in the future. This determination, like many others that a jury must make, is left to its conscience and judgment. While a jury cannot translate pain and suffering into monetary units with the precision that it would employ in converting feet

into inches, we do not believe that its determination of reasonable compensation for pain and suffering can be characterized as a "blind guess." To reduce the aggregate into hours and minutes, and then multiply by the number of time units involved produces an illusion of certainty, but it is only an illusion, for there is no more precision in the one case than in the other. A determination reached by a subjective process which is easier to comprehend than to define and upon which just and wise men may not agree does not indicate that it is a "blind guess." The divergence of opinion among the many able jurists who have fully and thoroughly considered the very issue here presented illustrates the point.

It begs the question to say that the jury needs to be guided by some reasonable and practical consideration. A formula by definition is a "conventional rule or method for doing something, especially when used, applied, or repeated without thought." (Webster's New Twentieth Century Dictionary, 2 ed. (1958).) It would appear that a formula, rather than encouraging reasonable and practical consideration, would tend to discourage such consideration.

Furthermore, even if the presentation of a formula and figures were permitted for purposes of illustration, the contention that the court's instruction would dispel their use by the jury as evidence ignores human nature. (See *Allendorf* v. *Elgin, Joliet and Eastern Railway Co.* 8 Ill.2d 164, 173.) Nor would the fact that opposing counsel could use his own formula and figures remedy the situation because this would only emphasize the improper argument and would further mislead the jury into relying on the formulae and figures rather than the actual evidence of damages.

Jurors are as familiar with pain and suffering and with money as are counsel. We are of the opinion that an impartial jury which has been properly informed by the evidence and the court's instructions will, by the exercise of its conscience and sound judgment, be better able to determine

reasonable compensation than it would if it were subjected to expressions of counsels' partisan conscience and judgment on the matter.

We recognize that in *Graham* v. *Mattoon City Railway Co.* 234 Ill. 483 (1909), this court, without discussion, stated: "We do not think that there is any valid objection to counsel, in argument, telling the jury what, under the evidence, counsel considers a fair compensation for the injuries received." (234 Ill. 483, 491.) Since that time it has been the accepted practice and custom for counsel to suggest a total monetary award for pain and suffering. Because of this and because we consider such practice far less misleading than the argument of a mathematical formula, we do not by this opinion find such practice to be improper argument.

Defendant also complains of the use of a chart by plaintiff's counsel in closing argument. As is shown in greater detail by the opinion of the Appellate Court, (29 Ill. App. 2d 323) plaintiff's counsel, over repeated objections, was permitted to make up a chart as his closing argument progressed, whereon he listed each element of claimed damage and placed adjacent thereto the specific sums, actual in some instances and suggested in others, for which he was arguing. The chart, as such, did not go to the jury room. Although it was not a part of the evidence, it was properly made a part of the record for our review. *People* v. *Fisher*, 340 Ill. 216.

We feel that the method of preparing the chart and the chart itself, except for those portions reflecting the mathematical formula for pain and suffering, were proper as mere illustration of counsel's argument. Obviously all methods and means which the ingenuity of counsel may produce for the purpose of illustrating an otherwise proper argument cannot be considered at this time. The method and means here used showed the jury nothing more than it heard.

Defendant further contends that the trial court erred in striking evidence of plaintiff's prior and subsequent acci-

dents, and in the giving of certain instructions to the jury. Neither contention need be considered in detail. The first was fully and correctly resolved by the Appellate Court and we adopt its views in such regard; since a new trial is necessary, there is a probability that the alleged error in instructions will not recur.

For the reason stated, the judgment of the Appellate Court for the Second District is reversed, and the cause is remanded to the circuit court of Kane County for a new trial.

*Reversed and remanded.*

Mr. JUSTICE SOLFISBURG, dissenting:

I must dissent from the holding of the court which precludes counsel from suggesting to the jury an hourly or daily rate of compensation for pain and suffering. In the case at bar there is no question but that there is evidence in the record from which it could be reasonably argued that the plaintiff had suffered and will continue to suffer pain as a result of the negligence of defendant. Nor is it questioned by the court, that counsel may properly suggest to the jury a total monetary award for pain and suffering. *Graham* v. *Mattoon City Railway Co.* 234 Ill. 483.

It appears that the sole issue before us is whether counsel may go further and explain to the jury the method or basis he has used in arriving at the suggested total monetary award. I can see no logical basis in permitting counsel to suggest a total monetary value of pain and suffering, while prohibiting him from explaining to the jury his reasoning in arriving at such a figure. *Yates* v. *Wenk* (1961), 363 Mich. 311, 109 N.W.2d 828.

While it is a truism that pain and suffering have no commercial value and cannot be converted into monetary units with precision, nevertheless the law requires the trier of fact to place a precise monetary value on that element of damage. In this task the jury is guided in the normal

case, as in the case at bar, by the judicial admonition to assess damages "at a sum of money which you may find and believe from the evidence will fairly, reasonably and adequately compensate him [plaintiff] for the injuries sustained," taking into consideration "the pain of body and anguish of mind" the plaintiff has suffered and is reasonably certain to suffer in the future.

Of course, this determination must be left in large part to the conscience and judgment of the trier of fact. While it is rare that the exact reasoning processes of a jury are revealed, it is apparent that they will vary widely. In *Imperial Oil Co. Ltd.* v. *Drlik* (6th cir.) 234 F.2d 4, the trial judge, in assessing damages, used a method substantially similar to that suggested by the argument in the case at bar. In approving of his method the Court of Appeals said : "The practical considerations influencing a particular juror or judge or the reasoning used by him may very well differ with the method used by another juror or judge, yet each of such different methods or modes of reasoning may be a reasonable method of reaching the desired result. We are more concerned with the result, reached by a reasonable process of reasoning and consistent with the evidence, than we are with which one of several suitable formulas was actually used by the juror or the judge."

There is nothing inherently unreasonable in a juror determining from the evidence the probable duration of pain and suffering and attributing some monetary unit value to the duration of the time. Indeed it would seem likely that many triers of fact would at least consider such factors in their analysis of the complex question of damages.

There is no compelling reason to prohibit counsel from suggesting any reasonable method of analysis of evidentiary facts, relating either to liability or damages. As I would not deny the advocate the right to suggest that certain conduct met or violated the standard of the reasonable and prudent man, so also I would not deny him the right to suggest that

a certain monetary value either did or did not constitute "fair compensation" for pain and suffering. Nevertheless both issues are peculiarly within the province and judgment of the jury. It is the historical role of the advocate to seek to persuade the trier of fact to accept the logic and reasoning of his position. The argument in the case at bar does no more than that. Indeed the very absence of an objective standard of evaluating pain and suffering should make us reluctant to circumscribe counsel in analyzing this issue.

Having examined the cases in support of both sides of this controversy, I find that the reasoning of the courts permitting such an argument, especially *Yates* v. *Wenk,* 363 Mich. 311, 109 N.W.2d 828, and *Ratner* v. *Arrington,* (Fla. App. 1959), 111 So. 2d 82, is more persuasive.

The criticism of the so-called "per diem" argument is grounded in an inherent distrust of the adversary system of jury trials. While such distrust is not new, the detractors of this system have failed to provide a more satisfactory substitute. It would be naive to doubt that extraordinary advocacy may lead an occasional jury to an erroneous or absurd conclusion. Such a danger, however, can be more properly met by the traditional supervisory powers of the trial and appellate courts than by an artificial limitation on the argument of counsel.

In the case at bar the mathematics of plaintiff's counsel, if followed, would have resulted in a verdict of $50,140.90. The jury, however, assessed the plaintiff's damages at $20,-000. Defendant makes no claim that this verdict is excessive, but does suggest "that had the 'per diem' argument not been made the result might have been a $7,500.00 or $10,000.00 verdict or some lesser figure."

Of course it is a fair surmise that any limitation of plaintiff's argument would tend to decrease the amount of the verdict. However, it does not follow that a verdict arrived at after full argument of the conflicting theories of damages will be excessive. Defendant had the full benefit

of the normal cautionary instructions, and was refused no additional cautionary instruction on counsel's argument or on the question of damages.

The fear that jurors will meekly accept counsel's suggested mathematical formula as evidence is belied not only by the verdict in this case but by the common experience of the trial bench and bar. If we were to reverse every non-excessive verdict, merely because the enthusiasm of advocacy entered the realm of speculation and fancy, our affirmances would be few. The record in the base at bar justified the verdict, and the argument of counsel was not prejudicial or improper. The trial court, therefore, should be affirmed.

It appears anamolous that, according to the majority opinion, plaintiff's counsel may, without error, place upon a chart before the jury his estimate of the monetary value of the nature of the injury, ($10,000); the future pain, ($8,760); the hospital and medical bills, ($1,288.90); the lost earnings, ($5,312); and the permanency of the injury, ($8,000); for a total of $33,360.90. He may also suggest a total monetary value of $50,140.90 as just compensation for the injury. However, when he suggests that $16,780.10 is a reasonable figure for 11,680 hours and 510 days of pain, this court feels compelled to reverse a $20,000 verdict. Such a view appears unjustifiable on the basis of logic and unrequired by any policy considerations. I must therefore dissent from the court's opinion in this case.