# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | No. 69923-7-I |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JOHN JAMES BUCKO, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 28, 2014 |
| | ) | |

DWYER, J. — John Bucko appeals his conviction and sentence for identity theft in the second degree.[1] Bucko contends that the prosecutor committed misconduct by stating, during closing argument, that reasonable doubt can be described as "an abiding belief in the truth of this charge." Additionally, Bucko contends that the trial court erred by declining to grant a continuance to allow for Drug Offender Sentence Alternative (DOSA) screening. Because neither of Bucko's arguments have merit, we affirm.

---

[1] (1) No person may knowingly obtain, possess, use, or transfer a means of identification or financial information of another person, living or dead, with the intent to commit, or to aid or abet, any crime.

(2) Violation of this section when the accused or an accomplice violates subsection (1) of this section and obtains credit, money, goods, services, or anything else of value in excess of one thousand five hundred dollars in value shall constitute identity theft in the first degree. Identity theft in the first degree is a class B felony punishable according to chapter 9A.20 RCW.

(3) A person is guilty of identity theft in the second degree when he or she violates subsection (1) of this section under circumstances not amounting to identity theft in the first degree. Identity theft in the second degree is a class C felony punishable according to chapter 9A.20 RCW.

RCW 9.35.020.

I

On April 22, 2011, Trooper Sean O'Connell initiated a traffic stop of a Chevrolet pickup truck for a suspected seat belt infraction. After stopping the vehicle, Trooper O'Connell requested the driver's vehicle registration, license, and proof of insurance. The driver, Bucko, provided the officer with a driver's license issued to Patrick Ridgeway. Because Bucko and Ridgeway are similar in appearance, Trooper O'Connell did not question the validity of the driver's license. Trooper O'Connell issued Bucko a citation in Ridgeway's name.

Ridgeway discovered that his driver's license had been stolen after he learned about the April 22 traffic citation. Ridgeway met with Trooper O'Connell, who then realized that Ridgeway had not been the person he pulled over.

Ultimately, the State charged Bucko with identity theft in the second degree. Prior to closing arguments, the trial court provided the jury with the following instruction:

> It also is your duty to accept the law as I explain it to you regardless of what you personally believe the law is or what you personally think it should be.
> . . . .
> As to the comments of the lawyers during this trial, they are intended to help you understand the evidence and apply the law. However, it's important for you to remember that the lawyers' remarks, statements, and arguments are not evidence. You should disregard any remark, statement, or argument that is not supported by the evidence or the law as I have explained it to you.

Jury Instruction 1.

During closing argument, the prosecutor defined "reasonable doubt" for the jurors.

One way to describe what beyond a reasonable doubt is is if you have an abiding belief in the truth of the charge, does the fact that three separate witnesses who have no connection who all came and testified separately, if you're convinced that that evidence is credible, if you have an abiding belief in that evidence, then you are satisfied beyond a reasonable doubt. Few things in life we know with absolute certainty. The law doesn't require it. It does require, however, you have an abiding belief in the truth of this charge.

Defense counsel defined "reasonable doubt" in a different manner:

I would note Mr. Hendrix added a bunch of language to reasonable doubt that you won't see in your instructions. It's one for which reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all the evidence or lack of evidence.

During his rebuttal argument, the prosecutor took exception to defense counsel's suggestion that he had defined reasonable doubt incorrectly:

But there's two things, one you were read this abiding belief language at the beginning by the judge; number two, if that is not a true description of the legal standard beyond a reasonable doubt, I would not have been allowed to say it.

Bucko did not object to either of the prosecutor's comments.

The jury convicted Bucko as charged. During the sentencing hearing, Bucko requested "the opportunity to be evaluated for [a DOSA]." The trial court denied Bucko's request, stating,

I don't think it's appropriate, and the information from the Department of Corrections also indicates that the DOSA sentences, while they are effective for drug cases, per se, drug possession or drug dealing, there isn't any research that I'm aware of to show that those sentences have proven to be of value for folks convicted of charges that aren't directly drug charges.

So given that and what I gather is some extensive criminal history, I don't think it's appropriate. I think there should just be a straight prison term.

The trial court further noted, "I'm really looking at what I see as a history of criminal conduct that's unabated and unending notwithstanding substantial commitments to prison." The trial court sentenced Bucko to 57 months of confinement.

Bucko appeals.

II

Bucko first contends that the prosecutor engaged in misconduct during closing argument by arguing that reasonable doubt meant "an abiding belief in the truth of this charge." This is so, he asserts, because defining "reasonable doubt" in this manner lowered the State's burden of proof. Bucko's contention lacks merit.

"A defendant claiming prosecutorial misconduct must show that the prosecutor's conduct was both improper and prejudicial in the context of the entire record and circumstances at trial." State v. Miles, 139 Wn. App. 879, 885, 162 P.3d 1169 (2007). "'Counsel may not remain silent, speculating upon a favorable verdict, and then, when it is adverse, use the claimed misconduct as a life preserver on a motion for new trial or on appeal.'" State v. Russell, 125 Wn.2d 24, 93, 882 P.2d 747 (1994) (quoting Jones v. Hogan, 56 Wn.2d 23, 27, 351 P.2d 153 (1960)). Consequently, where a defendant chooses not to object and request a curative instruction, the argument is waived unless the prosecutor's comment "'is so flagrant and ill-intentioned that it causes an enduring and resulting prejudice that could not have been neutralized by a

curative instruction to the jury.'" State v. McKenzie, 157 Wn.2d 44, 52, 134 P.3d 221 (2006) (quoting State v. Brown, 132 Wn.2d 529, 561, 940 P.2d 546 (1997)).

Here, Bucko did not object during either closing argument or rebuttal when the prosecutor described reasonable doubt as an "abiding belief in the truth of the charge." As Bucko fails to demonstrate enduring and resulting prejudice from the prosecutor's statements, he has waived his challenges as to both comments.

With respect to the prosecutor's statement during his closing argument, Bucko fails to demonstrate any misconduct on behalf of the prosecutor. The prosecutor did not commit misconduct when he stated during closing argument, "One way to describe what beyond a reasonable doubt is is if you have an abiding belief in the truth of the charge." Describing reasonable doubt as "an abiding belief in the truth of the charge" is well-accepted in Washington. "'[A]n instruction cast in terms of an abiding conviction as to guilt, without reference to moral certainty, correctly states the government's burden of proof.'" State v. Pirtle, 127 Wn.2d 628, 658, 904 P.2d 245 (1995) (alteration in original) (quoting Victor v. Nebraska, 511 U.S. 1, 14-15, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994)). The "abiding belief" language is so well-accepted, in fact, that it has been incorporated into the Washington Pattern Jury Instructions (WPIC). WPIC 4.01 states,

> [The] [Each] defendant has entered a plea of not guilty. That plea puts in issue every element of [the] [each] crime charged. The [State] [City] [County] is the plaintiff and has the burden of proving each element of [the] [each] crime beyond a reasonable doubt. The defendant has no burden of proving that a reasonable doubt exists [as to these elements].

> A defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.
> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. [If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.]

11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01 (3d ed. 2008). The prosecutor's statement during his closing argument did no more than rephrase the final sentence of this pattern instruction.[2] Contrary to Bucko's assertion, the prosecutor properly represented the burden of proof. Thus, the prosecutor did not commit misconduct during his closing argument.

With respect to the prosecutor's statement during rebuttal, Bucko fails to demonstrate that the statement could not have been cured by an instruction to the jury. The prosecutor's statement during rebuttal that "if that is not a true description of the legal standard beyond a reasonable doubt, I would not have been allowed to say it," while perhaps ill-advised, was not so flagrant or ill-intentioned such that Bucko is merited a new trial. The prosecutor's comment could easily have been cured by a curative instruction. At the close of the evidence, the trial court instructed the jury that

> As to the comments of the lawyers during this trial, they are intended to help you understand the evidence and apply the law. However, it's important for you to remember that the lawyers'

---

[2] Although the trial court chose not to use the "abiding belief" sentence in its instructions to the jury defining reasonable doubt, the court no doubt could have. Pirtle, 127 Wn.2d at 658. Thus, the prosecutor's use of the abiding belief language can hardly be viewed as constituting an incurable error such that a fair trial was denied to Bucko.

remarks, statements, and arguments are not evidence. You should disregard any remark, statement, or argument that is not supported by the evidence or the law as I have explained it to you.

Jury Instruction 1. The trial court also instructed the jury that "It also is your duty to accept the law as I explain it to you regardless of what you personally believe the law is or what you personally think it should be." Jury Instruction 1. Had Bucko objected, the trial court could have informed the jury to disregard the prosecutor's comment and reminded them of these two passages in the jury's instructions. Such an instruction would have adequately addressed the prosecutor's improper comment. Accordingly, Bucko has failed to establish an entitlement to appellate relief.

III

Bucko additionally contends that the trial court erred by denying his request for a continuance to allow for DOSA screening. This is so, he asserts, because the trial court denied his request based on Bucko's exercise of his constitutional right to a jury trial. We disagree.

We review a trial court's decision to grant or deny a motion for a continuance for an abuse of discretion. State v. Ollivier, 178 Wn.2d 813, 822-23, 312 P.3d 1 (2013). "Ordinarily, a DOSA, as an alternate form of a standard range sentence, may not be appealed. But '[t]his prohibition does not . . . bar a party from challenging legal errors or abuses of discretion.'" State v. Gronnert, 122 Wn. App. 214, 225, 93 P.3d 200 (2004) (alterations in original). Here, the record demonstrates that the trial court did not abuse its discretion by denying Bucko's request for a continuance for DOSA screening.

-7-

The trial court denied Bucko's request for a continuance because it believed that a DOSA was not appropriate. In order for a defendant to be approved for a DOSA, the trial court must not only determine that a defendant is eligible, but also must determine that a DOSA would be appropriate. RCW 9.94A.660(3). One factor that the trial court considers is "[w]hether the offender and the community will benefit from the use of the alternative." RCW 9.94A.660(5)(a)(iv). The trial court explained that the community would not benefit from a DOSA in this case because the current conviction was not a drug conviction and Bucko had an "unabated and unending" criminal history. Accordingly, the trial court determined that a DOSA was not appropriate in this case. Because the trial court concluded that the community would not benefit from granting Bucko a DOSA, a continuance for screening purposes was unwarranted. The trial court did not abuse its discretion.

Affirmed.

We concur:

_____

_____, C.J.

_____ Cox, J.