ROUTSAW *v.* McCLAIN.

1. DAMAGES—WHIPLASH INJURY—EVIDENCE—EARNING CAPACITY—
   PAIN AND SUFFERING—MEDICAL EXPENSES.

   Conclusion of trial judge in nonjury action for "whiplash" injury
   received in rear-end collision that plaintiff had sustained phys-
   ical impairment of wage-earning capacity, notwithstanding
   there was postinjury employment at equal or greater wages
   than those received at the time of injury and that his damages
   for injury to his wage-earning capacity, loss of earnings, pain
   and suffering, past, present, and future, and future medical
   and therapeutic treatment proximately resulting from the in-
   jury as a reasonable medical certainty totaled $7,500 in ad-
   dition to outlay of $573.50 for medical expenses *held,* supported
   by the testimonial record.

2. SAME—TORTS.

   There is no sound reason for throwing any part of the loss upon
   a tortiously injured plaintiff, which the trier of the facts be-
   lieves from the evidence he has sustained, though the precise
   amount cannot be ascertained by a fixed rule, the risk of
   uncertainty being cast upon the wrongdoer instead of upon the
   victim.

Appeal from Muskegon; Fox (Noel P.), J. Sub-
mitted October 4, 1961. (Docket No. 10, Calendar
No. 49,021.) Decided December 1, 1961.

Case by George W. Routsaw against Conrad G.
McClain and Shirley A. McClain for injuries sus-
tained in rear-end automobile collision. Judgment
for plaintiff. Defendants appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 1163; 15 Am Jur, Damages §§ 72–
74, 88–95.
[2] 15 Am Jur, Damages §§ 20–23.

*Marcus, McCroskey, Finucan, Libner & Reamon*
(*William G. Reamon,* of counsel), for plaintiff.

*Hathaway, Latimer, Clink & Robb* (*Robert J. Van Leuven,* of counsel), for defendants.

BLACK, J. The defendant motorist, charged by plaintiff with actionable negligence, established such negligence by his own testimony. His liability—and that of the defendant owner—was denied below. It is presently conceded. Trial to the court resulted in judgment for plaintiff in the sum of $8,073.50. The case comes here on general allegation that the trial judge's assessment of plaintiff's damages was excessive.

Plaintiff suffered what is known in trial courts as a whiplash injury, and testified to the development and continuing effect thereof. Several medical witnesses testified to their findings of severity or want of severity of the injury and the ensuing results thereof. The trial judge prepared and filed an exhaustive analysis of all such testimony and recorded his views as follows:

"A whiplash injury resulting in a cervical syndrome disability is a condition, and not a theory. It exists as a matter of fact, and not as a figment of fiction. It is an impeding, impairing, disconcerting, discomforting compensable disability. The recurrent exacerbations of pain in varying degrees and locations within the general area is consistent with, and a characteristic of this type of injury.

"In this sort of injury, unless there is a positive clinical response to the initial course of treatment, the complaints tend to become chronic in nature, even without any particular dramatic, bony or soft-tissue injury.

"I find, as a matter of fact, that the complaints to which the plaintiff testified were, and still are, part of the continuing pathological condition, which had

its origin in the whiplash injury he sustained on December 27, 1957.

"I also find, as a matter of fact, that there is no specific treatment other than supportive symptom-relieving care, which affords relief to the patient. There is no permanent care for the recurrent exacerbations and remissions, which form a part of a whiplash cervical syndrome injury.

"The plaintiff was receiving treatment at or near the time of the trial, and he will, in the future, be required to receive this supportive symptom-relieving therapeutic treatment.

"I find the plaintiff's disability to be permanent and that he now does, and will, in the future, experience pain and suffering, with its continuous restrictive and limiting characteristics, as described heretofore in this opinion, and according to the testimony of the doctors in the case.

"In considering the damages in this case, the doctrine of impaired earning capacity is applicable. The plaintiff's postinjury employment, at equal or greater wages than those received at the time of his injury, is not of controlling relevancy. I find, as a matter of fact, that there is physical impairment of the plaintiff's wage-earning capacity.

"I fix plaintiff's damages for injury to his wage-earning capacity, loss of earnings, pain and suffering, past, present and future, future probable medical and therapeutic treatment proximately resulting from the injury as a reasonable medical certainty, in the total amount of $7,500.*

These conclusions are fairly supported by the testimonial record. Whiplash injuries are more and more prevalent as rear-end automotive collisions mount daily in number. The symptoms and results usually if not always are subjective as to proof. Medical skill so far provides no dependable rules for

---

* In addition to this amount Judge Fox awarded plaintiff damages in the sum of $573.50, representing medical expenditures.

measurement by courts and juries of what is real, what is feigned, or what the future holds reasonably for the complaining victim thereof. Like Sir Matthew Hale's comment upon the crime of rape (1 Hale's Pleas of the Crown, p 635), the charge of lasting whiplash injury is easily made and hard to be proved, and yet is harder to be defended. Nonetheless, when the defendant in negligence admits his guilt and then alleges a mulct, his position at the bar of justice is not quite so favorable as that of his plaintiff opponent.

The circumstances are such that courts must as a rule turn to matured precepts of the law of tortiously inflicted damages, found originally so far as Michigan is concerned in the case of *Allison* v. *Chandler,* 11 Mich 542. This is particularly true when an adjudged tortfeasor, in one of these hard to prove and hard to disprove cases, insists that the risk of too little be borne by his victim rather than the risk of too much be cast on him. Mr. Justice CHRISTIANCY, writing for the unanimous court in *Allison,* recorded these presently appropriate sentiments (p 554):

"Since, from the nature of the case, the damages cannot be estimated with certainty, and there is a risk of giving by one course of trial less, and by the other more than a fair compensation—to say nothing of justice—does not sound policy require that the risk should be thrown upon the wrongdoer instead of the injured party? However this question may be answered, we cannot resist the conclusion that it is better to run a slight risk of giving somewhat more than actual compensation, than to adopt a rule which, under the circumstances of the case, will, in all reasonable probability, preclude the injured party from the recovery of a large proportion of the damages he has actually sustained from the injury, though the amount thus excluded cannot be estimated with accuracy by a fixed and certain rule."

This was followed by the Court 8 years later in *Gilbert* v. *Kennedy,* 22 Mich 117, 131:

"There is no sound reason in such a case, as there may be, to some extent, in actions upon contract, for throwing *any part* of the loss upon the injured party, which the jury believe from the evidence he has sustained, though the precise amount cannot be ascertained by a fixed rule, but must be matter of opinion and probable estimate."

*Allison* and *Gilbert* are leading authorities. See their employment in *Story Parchment Company* v. *Paterson Parchment Paper Company*, 282 US 555, 563, 564 (51 S Ct 248, 75 L ed 544), and the citation of *Allison* below the following (p 563):

"As the Supreme Court of Michigan has forcefully declared, the risk of the uncertainty should be thrown upon the wrongdoer instead of upon the injured party." (*Allison* and *Gilbert* thereafter are quoted at length, in *Parchment*.)

A review of the testimony in this case, and of the variant inferences drawn by counsel therefrom, would be of no benefit to the profession and would simply add more pages to our already bulging reports. We find no more than sharp disagreement upon the evidentiary facts and no ground for holding that the trial court's assessment of damages is contrary to the clear preponderance of the evidence. The amount allowed, considering "the pace of inflation" (*Normand* v. *Thomas Theatre Corp.*, 349 Mich 50, 61, 62), is not shocking and was well within the range of such testimony as all parties seem to have been able to adduce. See, to the point of alleged excessiveness of award, the recent "whiplash" case of *Yates* v. *Wenk*, 363 Mich 311.

Affirmed. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.