SARZYNSKI v. STERN.

EVIDENCE—FUTURE DAMAGES—EXPERT WITNESSES—INSTRUCTIONS
TO JURY.
> Allowing a medical expert to testify as to possible future complications and damages to plaintiff who was injured when defendant's automobile struck him *held*, not error, since what testimonial facts establish possible future damages is a question for the jury subject to protective instruction by the trial court in the charge to the jury.

Appeal from Oakland, Templin (Robert L.), J. Submitted Division 2 June 6, 1968, at Lansing. (Docket No. 3,869.) Decided August 29, 1968.

Complaint by Anthony Sarzynski against Elaine Stern for automobile negligence. Judgment for plaintiff. Defendant appeals. Affirmed.

*Kozlow, Jasmer & Woll*, for plaintiff.

*Joseph R. Brom*, for defendant.

R. B. BURNS, J. Defendant appeals from a judgment entered upon a jury verdict for plaintiff on the sole ground that the trial court erroneously allowed a medical expert to testify as to possible future complications and damages.

REFERENCE FOR POINTS IN HEADNOTE
22 Am Jur 2d, Damages §§ 304, 305.

Plaintiff, a hotel doorman, was struck by an automobile driven by the defendant. He suffered a transverse fracture of his right femur and a complete disruption of two ligaments in his left knee. Dr. Milton Green, an orthopedic surgeon, testified as to the nature of the injuries and the treatment. He was then asked:

"Do you have any opinion to a reasonable degree of medical certainty whether there could be future problems for the young man in terms of those areas of his body?"

He replied:

"Yes, certainly I would have to say involvement with the left knee which is the knee of ligamentous damage. That there is a very definite possibility of a progressing degree, something that is increasing, of what I called yesterday 'traumatic arthritis'."

The doctor explained various treatments that might be necessary from the simple treatment of injecting cortisone into the knee, heat and rest, to the final step which would require a stiffening of the knee joint. When plaintiff's attorney sought to introduce the costs of these various treatments, defense counsel objected. The court permitted the doctor to testify as to the costs anticipated for each of the methods of treatment.

In *Brininstool* v. *Michigan United R. Co.* (1909), 157 Mich 172, a doctor testified as to permanent and future damages. On cross-examination he testified: "it is true that epilepsy may or may not occur." The Supreme Court on review made the following statement which has been repeated in many subsequent cases (p 180):

"It is the generally accepted rule that to entitle a plaintiff to recover damages presently for ap-

prehended future consequences of any injury, there must be such a degree of probability of such consequences as to amount to reasonable certainty that they will result from the original injury."

A thorough reading of the case does not indicate such a hard and fast rule regarding the admissibility of evidence. What testimonial facts establish apprehended future consequences is a question for the jury according to Justice BLACK in *Gilson* v. *Bronkhorst* (1958), 353 Mich 148, 156, 157:

> "*Brininstool*, incidentally, did not on its facts hint that it was improper to submit the question of apprehended future consequences to the jury. On the contrary the question was held one for decision by 'the twelvers' and the case was reversed—for new trial—for want of more specific instructions to the point.
>
> \*   \*   \*
>
> "It is apparent that counsel misapprehend the place (courtroom or juryroom) as well as the circumstances in which *Brininstool's* said rule—of 'reasonable certainty'—is usually and of right applied to the testimonial facts. Depending on the proofs of the given case, the rule warrants either peremptory instruction that no damages for apprehended future consequences can be allowed or appropriate instruction that the question of right to such damages must be determined by the jury. In this case Judy's counsel submitted fact evidence from which the jury could have found, within scope of the rule (see *King* v. *Neller* [1924], 228 Mich 15, 22), that Judy will suffer future pain and disability as a result of the original fracture and the surgical treatment she has necessarily received. We accordingly hold that the question of future damages was for the jury and not the court."

In *Yates* v. *Wenk* (1961), 363 Mich 311, the Supreme Court stated (pp 314, 315):

"At the time of Dr. Taran's testimony, Dr. McIntyre's deposition had already been introduced in evidence and the trial judge then knew that other more direct testimony of causal connection was before the jury. Under such circumstances, there exists no valid reason for excluding opinion testimony which was stated in the manner permitted prior to the adoption of Court Rule No 37, § 16 (1945). Even in the absence of prior testimony such as Dr. McIntyre's, expert opinion evidence cast in terms of possibility or probability should be admitted subject to protective instruction by the trial judge in his charge to the jury."

Under the proofs of the case the trial judge was not in error in admitting the testimony and instructing the jury on the question of speculation.

Affirmed. Costs to appellee.

LESINSKI, C. J., and FENLON, J., concurred.