THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN GIBSON, JR., Defendant-Appellant.

Second District    No. 76-522

Opinion filed January 13, 1978.

Ralph Ruebner and Peter B. Nolte, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene A. Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant and one John Brothers were jointly indicted for two offenses of armed robbery. They were tried by a jury, Brothers was acquitted and the defendant herein was convicted of both charges and sentenced to the Department of Corrections for a term of 4 years to 4 years and 1 day.

The sole basis of defendant's appeal herein is that he was not proven guilty beyond a reasonable doubt.

At approximately 10 p.m. on March 6, 1976, Thomas McGehee and his 17 year-old-son, Michael McGehee, were working at Walt's Oil Co. in Aurora, Illinois. Two black males approached them in the filling station and the shorter of the two men, later identified as the defendant Gibson, displayed a small caliber blue steel automatic pistol and announced: "This is a stickup." The two McGehees were then taken into the well-lit station where they surrendered all of the money from the cash drawer as well as Thomas McGehee's wallet. The McGehees were forced to lie down and the two robbers left the premises. A week or two after the robbery Thomas McGehee noted a man who resembled one of the robbers entering the premises at 119 Calhoun Street, the Gibson residence, and called the police and so advised them.

Barbara Gibson, a sister of the defendant, testified that on March 11,

1976, she called the Aurora police department and advised them that she knew about the wallet. Later, on March 20, 1976, Barbara Gibson and the defendant were involved in an altercation at their mother's home at 526 May Street in Aurora wherein the defendant shot her and she stabbed him. She was in the hospital for 10 weeks. She further testified that on March 6, the day of the robbery, in the Gibson residence the defendant showed her the wallet in question, including credit cards, particularly a Master Charge card, and a driver's license issued in the name of McGehee. She advised him how he could use the driver's license for identification with relation to the credit cards. She further testified that the defendant told her that "they had just ripped off some dude, some guy." She testified that she had this conversation with both Brothers and the defendant.

Thomas and Michael McGehee were unable to identify the robbers from photographs submitted to them by the police department. Two lineups were subsequently held and Thomas McGehee identified the defendant John Brothers in the first lineup and the defendant John Gibson in the second lineup. Michael McGehee identified John Gibson in the second lineup but was unable to identify Brothers in either the first lineup or in the courtroom at the trial. The jury acquitted Brothers but found the defendant guilty of armed robbery.

■■ In support of the contention that he was not proven guilty beyond a reasonable doubt, the defendant contends first that the McGehees were unable to identify him from photographs and, second, that their description of the attire worn by the robbers was inconsistent. In particular, the testimony of Barbara Gibson was that at 11:30 p.m. on March 6, 1976, Brothers and Gibson arrived at a party she was attending wearing, respectively, a pink and a red suit. The robbery had taken place at 10 p.m. Thomas McGehee testified that both robbers wore slacks, sport shirts and a "windbreaker type of jacket." As pointed out by the State's Attorney, in the hour and a half that transpired between the time of the robbery and the party it is obvious that the defendants had more than ample time to change their clothing for the purpose of attending the party. Defendant further contends that he was missing his four front teeth which was not noted by the McGehees, and that his hairdo on March 6, 1976, was differently described by the McGehees and Barbara Gibson, the State's other witness. Both of the McGehees, in fact, gave a slightly different description of the hairstyle of the defendant Gibson. The inconsistencies pointed out herein by the defendant are minor in nature. As the court said in *People v. Bell* (1972), 53 Ill. 2d 122, 125-26, 290 N.E.2d 214, 216:

> "Such discrepancies in testimony taken at different times are not unusual and go only to the weight to be given the testimony by the jury; they do not destroy the credibility of the witnesses.

[Citations.] The minor variations in the testimony do not compel us to find that the evidence was so unsatisfactory as to raise a reasonable doubt of the defendant's guilt."

Also, as stated in *People v. Miller* (1975), 31 Ill. App. 3d 436, 446, 334 N.E.2d 421, 428:

"Minor inconsistencies in the testimony and statements of the occurrence witness do not, in view of the strong evidence of guilt, justify reversal."

This is the situation we have before us. There is positive identification of the defendant Gibson by the McGehees, both in the courtroom and at the lineup, with ample opportunity by both victims to view the defendant at the time of the robbery. In addition to that, we have the testimony of the defendant's sister, Barbara Gibson. As has been stated numerous times (see *People v. Guyton* (1972), 53 Ill. 2d 114, 118, 290 N.E.2d 209, 211):

"Positive identification by one witness, who has ample opportunity for observation, may be sufficient to support a conviction."

In the case before us we have positive identification of the defendant Gibson by Thomas McGehee, by his son Michael McGehee and the further corroboration of the guilt of the defendant by the testimony of Barbara Gibson, the defendant's sister. In the opinion of this court the evidence is overwhelming as to the defendant's guilt.

■■■ Defendant also argues that the co-defendant was acquitted on much the same evidence as presented against him and that this raises the question of reasonable doubt of his guilt. As we have pointed out above, the co-defendant Brothers was not identified by the victim Michael McGehee either in the lineup or in the courtroom. Additionally, it is to be noted that Brothers produced an alibi witness while the defendant did not. Under these circumstances, the finding of the jury as to the innocence of the defendant Brothers is explainable and, as the court said in *People v. Stock* (1974), 56 Ill. 2d 461, 465, 309 N.E.2d 19, 21:

"The general rule in Illinois and the majority rule elsewhere is that the failure of a jury to convict one co-defendant does not raise a reasonable doubt as to the guilt of the other co-defendants."

It is obvious that the evidence against the two defendants is not the same here due to the lack of identification by one of the victims. As the court in *Stock* went on to state:

"The acquittal of one of two or more jointly indicted defendants is no reason why the other defendant cannot be convicted." 56 Ill. 2d 461, 465.

We therefore find that the defendant herein was found guilty beyond a reasonable doubt and the judgment of the trial court is affirmed.

Affirmed.

RECHENMACHER and WOODWARD, JJ., concur.