ORA MAE WATSON, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

First District (5th Division)   Nos. 83—2456, 83—2698 cons.

Opinion filed May 25, 1984.

Floyd D. Perkins and Leonard B. Miller, both of Chicago, for appellant.

James D. Montgomery, Acting Corporation Counsel, of Chicago (Jerome A. Siegan and Cheryl L. Smalling, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal pursuant to Supreme Court Rule 306 (87 Ill. 2d R. 306) from an order of the trial court granting defendant a new trial in a negligence action on the sole ground that plaintiff's counsel used an improper *per diem* formula in arguing the amount of damages to be awarded for future pain and suffering. The only issue before us is whether the trial court abused its discretion in ordering a new trial.

Plaintiff brought the instant action seeking recovery for personal injuries allegedly sustained when she fell on a sidewalk owned and maintained by defendant. After a trial on the issues of liability and damages (no transcript of which appears in the record), the jury found for plaintiff and awarded her $79,816 in damages. In its post-trial motion, defendant sought in pertinent part a new trial on six specified grounds: that plaintiff's counsel improperly used a mathematical formula in arguing that plaintiff should be awarded $1,000 per year for 49 years of future pain and suffering; that plaintiff's counsel should not have been allowed to use a diagram of the scene during closing argument; that plaintiff failed to prove that it owned the sidewalk in question; that plaintiff's counsel improperly argued loss of income as an element of damages; that plaintiff's counsel asked leading, immaterial, and irrelevant questions of an expert witness; and that plaintiff failed to prove that the alleged defect in the sidewalk was the cause in fact of her injury.

After hearing arguments on the motion, the trial court addressed each point in detail, noting that the arguments concerning use of the diagram and of leading questions were without merit; that there was testimony which, if believed, would support the jury's findings with regard to loss of income and the cause in fact of the injury; and that there was no merit to the argument that plaintiff failed to prove defendant's ownership of the sidewalk.[1] It therefore denied the motion as to the above points; however, it found that counsel's remarks concerning damages for future pain and suffering "amounted to" a *per diem* argument, and ordered a new trial on the issues of liability and damages. Thereafter, we granted plaintiff's petition for leave to appeal.

OPINION

Before reaching the ultimate question of whether the trial court abused its discretion in ordering a new trial, we must first examine the basis for its ruling; that is, the propriety of the argument in question. Defendant's post-trial motion was predicated upon the following remarks:

"PLAINTIFF'S COUNSEL: I say to you, ladies and gentlemen, that if you calculated for her pain and suffering—here is a woman who takes Tylenol every day, three times a day. She has roughly 49 years of pain. If you calculate a total of $49,000 for 49 years, you think about that.

If you were to be told that you are going to get $1,000 to take Tylenol once a year and to take—.

DEFENSE COUNSEL: Objection, your Honor. That argument is in the nature of per diem, and highly inappropriate.

COURT: The Court will indicate counsel is making argument. The jury will make the findings, and counsel may continue with argument.

PLAINTIFF'S COUNSEL: I believe that a fair figure for her would be $49,000."

The trial court found that this argument amounted to the type of mathematical formula found improper by the supreme court in *Caley v. Manicke* (1962), 24 Ill. 2d 390, 182 N.E.2d 206, where plaintiff's counsel asked the jury to award $1 per hour for pain and suffering during the first two years after the accident, for a total of $11,680;

---

[1]The trial court gave no reason for finding this argument without merit, but it appears to have so ruled because defendant admitted in its answer that it owned, controlled, maintained and operated the sidewalk in question.

$10 per day for the remaining time prior to trial, for a total of $5,100; and $1 per day for future pain and suffering which, based on a life expectancy of 24.52 years, totaled $8,760. (*Caley v. Manicke* (1961), 29 Ill. App. 2d 323, 333-34, 173 N.E.2d 209, 214.) In reversing the judgment for plaintiff and remanding for a new trial, the supreme court noted that, while suggestion of a total monetary award for pain and suffering is proper, reducing the argument to a mathematical formula is misleading (24 Ill. 2d 390, 394, 182 N.E.2d 206, 209) because such formulae produced "an illusion of certainty" where none existed, and therefore might tend to discourage "reasonable and practical consideration" (24 Ill. 2d 390, 393, 182 N.E.2d 206, 208).

■ The trial court acknowledged that the argument in question here was "less than" the remarks found improper in *Caley*. We would go farther, and state that *Caley* is distinguishable from the instant case. Plaintiff's counsel here did not use any kind of mathematical formula; *i.e.*, he did not suggest that plaintiff's future pain and suffering had a value of $1,000 per year, and request that the jury multiply that number by plaintiff's life expectancy. Instead, he asked the jury to think about awarding plaintiff $49,000 for 49 years of pain and suffering. Counsel may properly suggest a lump sum figure for pain and suffering (*Caley*), and may make reference to life expectancy in conjunction therewith (*Thompson v. Lietz* (1981), 95 Ill. App. 3d 384, 420 N.E.2d 232). It does appear that counsel was about to follow this request with a *per diem* argument; however, he promptly abandoned that line of argument when defense counsel objected thereto, and no *per diem* or similar mathematical argument was ever made.

■ Defendant apparently concedes that there was no express *per diem* argument, since it argues merely that "plaintiff's attorney explicitly told the jury that plaintiff should be awarded $49,000 in damages for pain and suffering for her 49-year life expectancy. The mathematical formula he proposed was glaringly transparent. A child could readily decipher a formula of $49,000 for 49 years to be an award of $1,000 per year." In effect, then, defendant would have us hold that it is improper to suggest a total award for pain and suffering which is easily divisible by the plaintiff's life expectancy, lest the jury perceive therein some mathematical relationship between the amount requested and life expectancy. We are not aware of any cases which interpret *Caley* as prohibiting any relationship between life expectancy and the amount of damages requested, nor do we believe that such a broad interpretation is possible or logical. A plaintiff's life expectancy is an important element to be considered in determining an award for future pain and suffering (see *Parnham v. Carl W. Linder Co.* (1962),

36 Ill. App. 2d 224, 183 N.E.2d 744; Illinois Pattern Jury Instruction (IPI), Civil, No. 34.04 (2d ed. 1971)), and it is therefore not unreasonable to expect that there will be some relationship between life expectancy and the figure suggested by counsel in arguing that element of damages. We do not see how a defendant is prejudiced, or how an "illusion of certainty" is created by a request for an amount which, when divided by life expectancy, produces a multiple of 100 or 1,000. Under that rationale, a plaintiff with a life expectancy of 10 years would be hard-pressed to argue an acceptable figure; indeed, if we accepted the reasoning advanced here, plaintiff in the instant case presumably could have requested $49,001, since dividing by 49 would not result in any "transparent mathematical formula." For these reasons, it is our view that the argument in question was not an improper *per diem* argument.

Moreover, even if we accept *arguendo* the trial court's view that these remarks constituted a *per diem* argument, we do not believe that they were so prejudicial as to require a new trial. The courts of this State have been reluctant to extend *Caley* beyond the precise facts presented therein, and have ruled that such remarks, while improper, do not necessarily require overturning of the jury's verdict. In *American National Bank & Trust Co. v. Peoples Gas Light & Coke Co.* (1963), 42 Ill. App. 2d 163, 185, 191 N.E.2d 628, 639, we held that a *per diem* argument suggesting $10 per day as fair compensation for pain and suffering, while improper, did not require reversal because it was a very limited part of the plaintiff's entire argument, and did not "remotely resemble the meticulous, comprehensive 'per diem' argument used in *Caley*." Later, in *Warp v. Whitmore* (1970), 123 Ill. App. 2d 157, 260 N.E.2d 45, we found no grounds for reversal where counsel's request for $100 per year for the number of years of the plaintiff's life expectancy where the figure was presented as a suggestion, defendant did not object to the argument, and counsel did not challenge the defense to suggest a better method for calculating damages. See also *Turner v. Chicago Transit Authority* (1984), 122 Ill. App. 3d 419; *Fintak v. Catholic Bishop* (1977), 51 Ill. App. 3d 191, 366 N.E.2d 480; *Johnson v. Chicago Transit Authority* (1973), 11 Ill. App. 3d 16, 295 N.E.2d 573; *Fortner v. McDermott* (1971), 1 Ill. App. 3d 358, 272 N.E.2d 503.

Here, too, the argument in question was but a small portion of the total argument, and counsel placed no undue emphasis thereon; the argument did not approach the comprehensiveness of the argument in *Caley*; and defendant was not challenged to suggest an alternative method for calculating damages. In addition, contrary to

defendant's contention, counsel did not assert that this was the only correct approach for computing damages; rather, this passage, and indeed the entire tenor of his argument, was that the figures presented for the jury's consideration reflected his view, as his client's advocate, of what would be fair and reasonable compensation for her injuries. It appears that the trial court gave inadequate consideration to this factor in the mistaken belief that it was immaterial that the remarks were only suggestive, for it stated:

> "In fact, the jury was told that, if they calculated the pain and suffering on that basis, it would be a $49,000 total for pain and suffering. The Court considers the jury was told to think about that. That might be considered to be in the nature of suggestion, but this is a delicate kind of an argument to make, whether or not it amounts to a formula that the jury—that counsel indicates to the jury to use."

Finally, any prejudice to defendant was further mitigated when the trial court admonished the jury, immediately after the remarks were made, that they were only argument, and the jury was to make the findings of fact.

It is our view that these factors alone serve to distinguish the instant case from *Caley*, and that the argument, even if improper, was not so prejudicial as to require overturning of the jury's verdict. We further note that there is considerable doubt whether defendant adequately preserved this question for review, another factor which courts have considered in determining that reversal was not required. Defendant did not object to the remarks now complained of, "$49,000 for 49 years," but to that portion of the argument which might have been the beginning of a *per diem* argument, comments which were never completed because of the objection. Moreover, even if we assume, as defendant asserts, that the objection was directed at the preceding remarks, it does not appear that the trial court ruled thereon. Later, during hearings on the post-trial motion, the trial court characterized its actions as "error in not sustaining the objection and having overruled the objection"; however, the record must speak for itself, and shows that no ruling was made. As our courts have repeatedly noted, "[t]he rule generally adopted is that such assignments of error [based on alleged prejudicial conduct of opposing counsel] will not be considered on appeal unless objection to the alleged prejudicial argument has been made in the trial court, a ruling of the court obtained and the record showing the objection and the ruling preserved" (*Belfield v. Coop* (1956), 8 Ill. 2d 293, 312, 134 N.E.2d 249, 259), unless the remarks were so prejudicial that

"the parties litigant cannot receive a fair trial and the judicial process stand without deterioration" (8 Ill. 2d 293, 313, 134 N.E.2d 249, 259). (See also *Franks v. North Shore Farms, Inc.* (1969), 115 Ill. App. 2d 57, 75, 253 N.E.2d 45, 54.) Thus, even where an objection has been made, the error, if any, is not preserved for review if the trial court fails to rule thereon (*Rasmussen v.Clark* (1952), 346 Ill. App. 181, 104 N.E.2d 325); the burden is on the moving party to protect its record by obtaining either a ruling or a refusal to rule (*Karris v. Woodstock, Inc.* (1974), 19 Ill. App. 3d 1, 312 N.E.2d 426). Under these circumstances, we believe that the instant case falls directly within the exceptions to *Caley* established by *American National Bank & Trust Co. v. Peoples Gas Light & Coke Co.* (1963), 42 Ill. App. 2d 163, 191 N.E.2d 628, and *Warp v. Whitmore* (1970), 123 Ill. App. 2d 157, 260 N.E.2d 45, assuming that the argument in question was even a *per diem* argument.

■■ ■ We turn, then, to the question of whether the trial court abused its discretion in ordering a new trial. In general, such decisions will not be reversed unless the record demonstrates a clear abuse has occurred (*Principato v. Rudd* (1981), 102 Ill. App. 3d 362, 430 N.E.2d 63); however, where the evidence supports the verdict, and it does not appear that the moving party was denied a fair trial, it is an abuse of discretion for the trial court to overturn the jury's verdict (*Looft v. Missouri Pacific R.R. Co.* (1982), 104 Ill. App. 3d 152, 432 N.E.2d 1152). In the instant case, we are precluded from independently assessing the sufficiency of the evidence, since no transcript was provided. However, we note that defendant did not contend in its post-trial motion that the verdict, either with regard to liability or to damages, was contrary to the manifest weight of the evidence, nor did the trial court so find. Moreover, even if we were to conclude that the alternative points raised by defendant concerning loss of income, ownership of the sidewalk, and the cause of the injury were a challenge to the sufficiency of the evidence thereon, we note that the trial court specifically rejected each of those contentions. Its ruling, then, was totally unrelated to the sufficiency of the evidence and, to the extent that it was required to consider that point, it expressly found that the evidence supported the verdict. Thus, its sole reason for ordering a new trial was the allegedly improper *per diem* argument, and, since we have determined that this argument did not deprive defendant of a fair trial, we find that plaintiff has met her burden of showing that the trial court abused its discretion in granting the motion for a new trial. See *Leahy v. Illinois Power Co.* (1981), 103 Ill. App. 3d 487, 431 N.E.2d 390.

For the foregoing reasons, we reverse the trial court's order granting defendant a new trial and remand the cause with directions that judgment be entered on the jury's verdict.

Reversed and remanded with directions.

MEJDA, P.J., and LORENZ, J., concur.

