RICHARD C. BIELES, Plaintiff and Counterdefendant-Appellant, v. ORVILLE L. ABLES, Defendant and Counterplaintiff-Appellee.

Second District No. 2—91—1130

Opinion filed August 26, 1992.—Modified on denial of rehearing October 8, 1992.

Frederick J. Sentman, of Libertyville, and Dennis E. Carlson, of Chicago, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Richard C. Bieles, plaintiff and counterdefendant, appeals after a jury denied his claim against Orville L. Ables, defendant and counterplaintiff, for approximately $58,000 in contract damages. Bieles also appeals the jury's award of $14,000 in contract damages to Ables on Ables' claim against him. Ables did not file a brief. We will neverthe-

less consider the merits of the appeal pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

Five issues are raised: (1) whether the jury was improperly instructed; (2) whether certain evidence was improperly excluded; (3) whether the verdicts were against the manifest weight of the evidence; (4) whether the jury's verdict was tainted because they saw trial notes during jury deliberations; and (5) whether Bieles received a fair trial. We reverse and remand for a new trial based solely on the fact that trial notes were viewed by the jury during jury deliberations.

In February 1988, Ables orally agreed to remodel a dental clinic in Gurnee, Illinois, for Bieles. After Ables finished the work in September 1988, a dispute arose between the parties concerning the quality of the remodeling work and payment. Bieles sued Ables for $58,290.53 in damages in February 1990. Two months later, Ables sued Bieles for $22,000, the amount that Bieles allegedly still owed Ables. The two cases were consolidated, and a six-day trial ensued in May 1991 at which 12 witnesses testified.

We will not attempt to summarize the testimony at trial since we do not find Bieles' statement of facts to be particularly helpful. The statement of facts presented an overly detailed and somewhat incoherent recitation of only the first 600 pages of the 900-page trial transcript and omitted reference to the last three witnesses' testimony and a majority of Ables' testimony. We also note that Bieles failed to provide a proper appendix to his brief as required by Supreme Court Rule 342(a) (134 Ill. 2d R. 342(a)). The appendix did not include a table with "the names of all witnesses and the pages on which their direct examination, cross-examination, and redirect examinations begin." (134 Ill. 2d R. 342(a)(3).) Supreme court rules regarding appellate briefs (134 Ill. 2d Rules 341 through 345) have purpose, and attorneys must comply with these rules when preparing an appeal. Suffice it to say that our review of the record leads us to conclude that both Bieles and Ables were given an opportunity to present their side of the dispute, through their own testimony and the testimony of witnesses, to the jury.

Sometime after the jury began deliberating, a jury member sent a note to the trial judge asking if an attached set of notes, consisting of two pages from a yellow legal pad, should be considered as evidence in the case. This material appears in the record and is apparently a set of trial notes, although the identity of the writer is unknown. The trial notes apparently were mistakenly included with evidence items taken into the jury room. The trial notes included the following statements: "more lies about not knowing"; "more playing dumb"; "so it

proves he didn't intend to pay"; "play dumb again"; "told a lie about Oct. 21"; and "plays dumb again."

The trial judge sent a note back to the jury stating: "The document you sent out is not part of the evidence. Disregard any reference to it. Thank you for sending it out." The judge then added the jury's note, the actual trial notes in question, and a copy of his response to the trial record. Also included in the record is a notation signed by the judge stating: "Subject of jury note at 4:50 p.m. Conferred w/ both attys by 4:55 p.m. Sent note back at 4:58 p.m."

The jury subsequently denied Bieles' claim against Ables and granted Ables $14,000 on his claim against Bieles. Bieles filed a timely post-trial motion requesting a directed verdict and, in the alternative, a new trial. The trial court denied the motion. Bieles filed a timely notice of appeal.

### TRIAL NOTES TO JURY ROOM

Bieles argues that prejudicial error occurred when the jury viewed the trial notes. Our review of this issue is hindered because there is no transcript of proceedings or a bystander's report that sets forth the communication that occurred between the trial judge and the attorneys for Bieles and Ables. As such, we do not know if Bieles' attorney objected at that time to the jury's having seen the notes by, for example, making a motion for a mistrial. Parties are urged to prepare and present a complete record of proceedings in future appeals, especially when delicate situations such as this one arise.

■■ Even though Bieles' attorney did argue this issue in a post-trial motion, we will assume that he did not properly preserve the issue for review since we find no objection in the trial record. Although all errors should be preserved for review, there are instances when a reviewing court will consider assignments of error even though the error was not preserved for review. (*Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.* (1987), 118 Ill. 2d 389, 399; *Schutzenhofer v. Granite City Steel Co.* (1982), 93 Ill. 2d 208, 210-11.) In *Granite City Steel,* our supreme court held that Supreme Court Rule 366 (134 Ill. 2d R. 366) could be applied in civil cases to the same end that the plain error doctrine is applied in criminal cases. (*Granite City Steel,* 93 Ill. 2d at 211.) In criminal cases, courts of review may invoke the plain error doctrine if the error compromised the defendant's right to a fair trial. (*People v. Herrett* (1990), 137 Ill. 2d 195, 209-10.) Similarly here, we will consider this assignment of error since the effect of the jury's viewing the trial notes could have compromised Bieles' right to a fair trial.

■ We briefly review the rules regarding papers and exhibits taken to the jury room. A trial court may in its discretion permit all admitted evidence relevant to any material fact to go to the jury room. (75B Am. Jur. 2d *Trial* §1665 (1992); see Ill. Rev. Stat. 1991, ch. 110, par. 2—1107(d); *Wetherell v. Matson* (1977), 52 Ill. App. 3d 314, 318 (X rays admitted into evidence can go to jury room).) We emphasize, however, that trial judges and counsel must scrutinize all items that are to be taken to the jury room and purge all extraneous matter. The jury should not be allowed to examine, and draw conclusions or inferences from, an item not in evidence. (See *Gertz v. Bass* (1965), 59 Ill. App. 2d 180, 183 (reversible error to allow a dictionary into the jury room when it was not offered into evidence); *Fedors v. O'Brien* (1963), 39 Ill. App. 2d 407, 411.) "Only those errors which are prejudicial to the rights of the complaining party are reversible." *Gertz*, 59 Ill. App. 2d at 183.

■ In the instant case, how the jury viewed the credibility of each party to this oral agreement was a crucial element in their decision-making process. Both Bieles and Ables testified extensively as to their recollections of what the oral remodeling agreement specified and the subsequent sequence of events leading to their dispute. If the jury believed one party more than the other, that belief would probably manifest itself in a favorable verdict for that party. Here, the jury viewed the trial notes which squarely impugned the credibility of Bieles, and then held for Ables in both of the consolidated cases. We cannot say that Bieles received a fair trial when the trial notes went to the jury room.

We conclude that under the circumstances of this case it was reversible error for the jury to view the trial notes. We therefore need not consider the other grounds on which reversal is sought.

The judgment of the circuit court of Lake County is reversed, and the cases are remanded for a new trial.

Reversed and remanded.

McLAREN and DUNN, JJ., concur.