THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DORSEY D. DOWDS, Defendant-Appellant.

Fourth District   No. 4—92—0805

Opinion filed December 9, 1993.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard L. Broch, State's Attorney, of Tuscola (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In April 1992, a jury convicted defendant, Dorsey D. Dowds, of driving under the influence of alcohol (DUI) (625 ILCS 5/11—501

(West 1992)). In August 1992, the trial court sentenced defendant to 60 days in jail. On appeal, defendant argues that he was denied a fair trial by the prosecutor's "unnecessary and inflammatory demonstration of pouring seven beers into a pitcher during rebuttal argument." We disagree and affirm.

Because defendant does not challenge the sufficiency of the evidence to sustain his conviction, we address the evidence only as it pertains to the prosecutor's demonstration during rebuttal argument, the sole issue before us.

At trial, the State trooper who arrested defendant testified that defendant first told him he drank two or three beers at the Log Cabin tavern, but later volunteered that he actually consumed seven or eight beers. When defendant testified, he admitted that he told the trooper he had consumed seven or eight beers, but testified that the trooper never asked him during what time frame he had done so. Defendant claimed that he consumed his first beer around 2 p.m. on the day in question and the last one around 12:30 a.m.

The bartender from the Log Cabin tavern testified that he had served beer to defendant during the day in question and that defendant was not under the influence of alcohol when he left the tavern shortly before his arrest. On cross-examination, the bartender identified People's exhibit No. 3, a 12-ounce beer mug, as being "just like" the mugs he used to serve draft beer to defendant.

During his rebuttal argument, the prosecutor first reminded the jury about the bartender's testimony and then used People's exhibit No. 3 in a courtroom demonstration. Over defendant's continuing objection, the prosecutor poured seven cans of beer into the mug and, in turn, poured the beer from the mug into a large pitcher. As he did so, the prosecutor stated to the jury, "So let's take a look at what you have, when you drink seven cans of beer, which is the amount that he admits to having." The court overruled defendant's objection, explaining, "As long as [the demonstration is] based on what's been admitted into evidence, it will be permitted."

Defendant filed a post-trial motion challenging the propriety of this demonstration. At the hearing on that motion, another prosecutor handling the case stated the following:

"What was shown in closing argument was merely the quantity of alcohol the defendant had consumed on [the] evening in question[. The prosecutor who tried the case] had even obtained the exact same type of mug from the bar [where] defendant indicated he had been drinking ***. [The prosecutor] poured the

same quantity into the mug that corresponded with the defendant's testimony as to how much he had to drink."

The trial court denied defendant's post-trial motion, explaining its ruling as follows:

"The defendant testified that he'd had between seven and eight beers of a 12[-]ounce quantity each, mainly from the mugs at The Log Cabin. What the Assistant State's Attorney did was to show the volume of that quantity. He first demonstrated the 12[-]ounce mug, putting a 12[-]ounce can of beer into that mug to demonstrate the mug would hold 12 ounces of beer. The only difference between it was the kind of beer. ***

So, what was shown was the volume of what the defendant said he had drunk out of 12[-]ounce mugs, and the demonstration by the [prosecutor] was not done by some other party, denying the defendant the right of cross-examination. It was a demonstration based on the evidence that had been presented both by the People and the defendant during the course of the trial."

On appeal, defendant argues that the prosecutor's demonstration was prejudicial and improper, and that the trial court committed reversible error by permitting it. We disagree.

In *People v. Harp* (1990), 193 Ill. App. 3d 838, 843, 550 N.E.2d 1163, 1166, this court wrote that "[t]he admissibility of courtroom demonstrations is discretionary, and a decision regarding admissibility will not be reversed unless the court abused its discretion to the prejudice of the defendant." (See also *People v. Malone* (1991), 211 Ill. App. 3d 628, 640, 570 N.E.2d 584, 593 ("[n]o abuse will be found if the demonstration [during closing argument] was based on evidence at trial").) Defendant heavily relies upon the statement in *Harp* that "[d]emonstration evidence should be used to aid the jury in understanding other testimony, and not for dramatic effect." (*Harp*, 193 Ill. App. 3d at 843, 550 N.E.2d at 1166.) However, one person's helpful illustration may be another's dramatic effect. The trial court is in a far better position than this court to evaluate a particular demonstration, and this court will not second-guess the trial court's determination. Instead, the question before us is whether the trial court's determination that the prosecutor's demonstration constituted a helpful demonstration based on the evidence was an abuse of discretion. We hold that it was not.

We also note that the holding of the supreme court of Illinois in *Caley v. Manicke* (1962), 24 Ill. 2d 390, 394, 182 N.E.2d 206, 209, applies to the present case. In *Caley*, the supreme court addressed a

closing argument in which plaintiff's lawyer wrote on a blank sheet of paper the various elements of damage he claimed his client suffered. The supreme court approved counsel's doing so, noting that "[t]he method and means here used showed the jury nothing more than it heard." (*Caley*, 24 Ill. 2d at 394, 182 N.E.2d at 209.) We agree with the trial court's ruling in the present case that in effect the prosecutor's demonstration merely showed the jury what seven beers looked like when poured into a container, testimony the jury had already heard from defendant about how he had poured seven beers into a "different container"—namely, himself.

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

McCULLOUGH, P.J., and LUND, J., concur.