# RESCRIPT OPINIONS.

COMMONWEALTH vs. SAMOEUN NOL. No. 94-P-1448. July 27, 1995. *Practice, Criminal*, Conduct of prosecutor, Argument by prosecutor. *Evidence*, Demonstration.

There had been evidence of five masked men robbing at gunpoint hosts and guests at a gambling party at 63 Hargraves Street, Fall River. The defendant appeals from his convictions of armed robbery while masked and a related charge. Notwithstanding his mask, which covered his face from the nose down, several witnesses identified the defendant as one of the masked men by, among other things, voice, height, eyes, and facial contour. Earlier that night, the defendant had been a guest at the party. He was also known to his host and another guest by prior acquaintance. During his closing argument, defense counsel urged upon the jury the difficulty of making an identification of a masked person. In response, the prosecutor, when he closed, put a handkerchief in front of his face in the ways (there were variations) the witnesses had described. The prosecutor went on to say:

> "None of you, as far as I know, to me, have seen me prior to Monday morning of this week. But when I held up a handkerchief in front of my face a moment ago, did you have difficulty with the fact that it was still me behind the handkerchief? Why not? Because you recognized me. That's not the kind of a mask, now that you've seen me and you know what I look like, that, if I put it on, it's not going to fool you into not being able to tell who I am. I'm going to need to do better than that. I'm going to need to get one of those Halloween masks that completely covers my whole face, my hair, and everything else, to have a chance at fooling you. Why? Because you know me."

At the end of the prosecutor's closing, defense counsel moved for a mistrial, arguing that the prosecutor "has now put himself in as part of evidence." The motion for a mistrial was denied, and that denial is the asserted error on appeal. There was no error. Demonstrating by gesture and with an everyday personal accessory to illustrate what had been testified to did not constitute introducing material from outside the record. Contrast *Commonwealth* v. *Hoppin*, 13 Mass. App. Ct. 36, 38, S.C., 387 Mass. 25, 30-31 (1982), in which a piece of rawhide was displayed which the jury

might have thought was the leather thong referred to in testimony and, if so considered, would have added much to the Commonwealth's case. Here, by contrast, there was no hint that the handkerchief was anything other than the prosecutor's. Unlike the leather thong in *Hoppin*, the demonstration was not of a kind likely to stir unfairly the emotions of the jury. Nor, contextually, did the handkerchief demonstration constitute the prohibited practice of displaying to the jury objects not admitted in evidence. *Commonwealth* v. *Hoppin*, 387 Mass. at 30.

*Judgments affirmed.*

The case was submitted on briefs.
*Antone B. Cruz* for the defendant.
*Paul F. Walsh, Jr.*, District Attorney, & *Elspeth B. Cypher*, Assistant District Attorney, for the Commonwealth.