I disagree with the majority's conclusions that the appellant preserved his argument for appellate review and that the prosecutor's use of the pantyhose as a visual aid was error. Nevertheless, for reasons set forth herein, I would affirm the appellant's conviction. Therefore, I respectfully concur in the result.
First, the appellant did not preserve his argument for appellate review because he did not timely move for a mistrial. Rather, he waited to make his motion for a mistrial until after the prosecutor, in open court, removed the pantyhose from the package, unrolled the material, and put them over his head. During this tedious process, the prosecutor's intentions were *Page 475 
apparent, and the appellant had ample opportunity to make his motion before the prosecutor actually placed the pantyhose over his head.
Second, the prosecutor's use of pantyhose as a visual aid during his closing argument was not error. Trial courts have wide discretion in policing arguments of counsel within the context of the evidence presented at trial. See Ex parte Loggins,771 So.2d 1093 (Ala. 2000). The prosecutor elicited testimony from several witnesses who stated that they recognized the appellant, even though he wore pantyhose over his head. The prosecutor did not attempt to admit the pantyhose into evidence. Rather, he used this visual aid to illustrate the reasonable inference that it is, consistent with evidence presented during the trial, possible to positively identify a person who is wearing pantyhose over his head. Although Alabama has not addressed the issue specifically, other courts have permitted the use of visual aids related to previously admitted evidence. See, e.g., Laney v. State,271 Ga. 194, 515 S.E.2d 610 (1999) (holding that the trial court properly allowed a prosecutor to use a bag of sugar, which was not introduced into evidence, to demonstrate the amount of pressure necessary to pull the trigger of the murder weapon, reasoning that the bag of sugar was merely a visual illustration of a fact that had been put into evidence); Commonwealth v.Nol, 39 Mass.App.Ct. 901, 652 N.E.2d 898 (1995) (holding that, in a robbery case, the trial court properly allowed the prosecutor to use a handkerchief as a mask during closing argument for the purpose of rebutting defense counsel's contention that identification of the defendant as masked perpetrator was necessarily unreliable); People v. Dowds,253 Ill.App.3d 955, 956-58, 192 Ill.Dec. 723, 625 N.E.2d 878 (1993) (holding that, in a drunk driving case, the trial court properly allowed the prosecutor to use a beer mug and large pitcher to demonstrate, consistent with evidence adduced at trial, the amount of beer the defendant allegedly had consumed);Commonwealth v. Twilley, 417 Pa.Super. 511, 612 A.2d 1056
(1992) (holding that the trial court reasonably permitted the prosecutor to display a baseball bat and a beer bottle during closing arguments, even though those two items had not been introduced into evidence, because there was testimony regarding the presence of a bat and a beer bottle at the time of the offense). Therefore, I disagree with the majority's conclusion that the prosecutor's use of the pantyhose as a visual aid was error. *Page 476