IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30892-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROSE MARIE FAIRLEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Rose Fairley appeals her conviction of second degree burglary, arguing that prosecutorial misconduct during closing argument denied her a fair trial. The State concedes that the prosecutor's statement about which Ms. Fairley complains was likely error but argues that the statement—to which no timely objection was made— was not flagrant, ill-intentioned, or prejudicial.

The ill-considered statement by the prosecutor was curable had an objection been made. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Late one evening Colin Dunbar received a call notifying him that the burglar alarm at the Spokane church where he served as pastor had been set off. Thinking a

church member might have tripped the alarm, he drove to the church to investigate rather than immediately call police. He went inside and called out several times, asking who was there and offering help. Receiving no response, he went to the basement and again loudly called out. After calling out approximately six times, he heard a sound that led him to believe that someone, while not responding to him, was inside. At that point he called the police.

Police arrived, including one officer with the K-9 unit who had a police dog with him. From the main entry of the church, the officer announced his presence and warned that if anyone inside did not come out, the dog would be sent in. After calling out twice and receiving no response, the officer sent in the dog, which found Ms. Fairley and a male companion in the basement. Both were arrested.

Ms. Fairley told the arresting officer that she was stranded from Walla Walla and was looking for money to get back home. She and the man with her, whom she had met at a bus stop, had been walking through the neighborhood when they came upon the church. She had heard churches provide assistance to the needy and thought someone at the church might help her. She tried the handle on a door on the side of the building and found it unlocked, so she and her companion went inside, planning to stay in the basement until someone arrived in the morning.

Ms. Fairley admitted that the burglar alarm had sounded after they entered and her male companion had done something to the alarm box. Pastor Dunbar showed officers

2

that the alarm box and panel for the sprinkler system were damaged, wires were pulled out, the circuit breaker panel had been opened, and some of the breakers had been improperly turned off. It was later determined that $250 in damage had been done. Ms. Fairley admitted that she did not have permission to be inside the building and she knew no one at the church.

The State charged Ms. Fairley with second degree burglary. At trial, the prosecutor argued during closing that Ms. Fairley entered the church intending on "self-help" by committing theft, or at minimum, malicious mischief. Report of Proceedings (RP) at 93-95. In the course of arguing that the facts support a reasonable belief that her intent was to commit theft, he told the jury:

> Is it reasonable that she wanted to commit theft, they want to silence the alarm and continue on to do theft, get some money from the church[?] *I, as a representative of the State, say it is probably reasonable* because she had so many opportunities to say, Okay, I am here; this is the reason I am here. Instead, she was hiding, because she knew that they got interrupted doing a burglary.

RP at 101 (emphasis added). Defense counsel did not object to the prosecutor's argument. The jury found Ms. Fairley guilty. She appeals.

## ARGUMENT

The sole assignment of error on appeal is to the prosecutor's argument invoking his status as "a representative of the State."

3

A fair trial is a fundamental liberty secured by the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 22 of the Washington State Constitution. *Estelle v. Williams*, 425 U.S. 501, 503, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976). Prosecutorial misconduct may deny a defendant's constitutional right to a fair trial. *State v. Davenport*, 100 Wn.2d 757, 762, 675 P.2d 1213 (1984). It is grounds for reversal if the prosecuting attorney's conduct was both improper and prejudicial in the context of the entire record and circumstances at trial. *State v. Hughes*, 118 Wn. App. 713, 727, 77 P.3d 681 (2003). The defendant bears the burden of proving both. *State v. Emery*, 174 Wn.2d 741, 756, 278 P.3d 653 (2012).

When defense counsel fails to object to alleged improper conduct it constitutes a waiver of any prosecutorial misconduct unless the remark was so flagrant and ill intentioned that no curative instruction would have obviated the prejudice it created. *State v. O'Donnell*, 142 Wn. App. 314, 328, 174 P.3d 1205 (2007). To prevail on appeal, a defendant who did not object in the trial court must show that "(1) 'no curative instruction would have obviated any prejudicial effect on the jury' and (2) the misconduct resulted in prejudice that 'had a substantial likelihood of affecting the jury verdict.'" *Emery*, 174 Wn.2d at 761 (quoting *State v. Thorgerson*, 172 Wn.2d 438, 455, 258 P.3d 43 (2011)).

"'A [f]air trial certainly implies a trial in which the attorney representing the state does not throw the prestige of his public office . . . and the expression of his own belief of

4

guilt into the scales against the accused.'" *State v. Monday*, 171 Wn.2d 667, 677, 257 P.3d 551 (2011) (alterations in original) (internal quotations marks omitted) (quoting *State v. Case*, 49 Wn.2d 66, 71, 298 P.2d 500 (1956)). The State concedes that the prosecutor's statement was "likely error." Br. of Resp't at 2. We would characterize it as "clearly error." The outcome on appeal turns on whether a timely objection and request for instruction would have cured any prejudice.

Ms. Fairley asks us to conclude that a prosecutor's disregard of a well-established rule is flagrant and ill-intentioned conduct per se, and that the rule against exploiting the position of representative of the State during closing argument is a well-established rule. Br. of Appellant at 7 (citing *State v. Anderson*, 153 Wn. App. 417, 433-34, 220 P.3d 1273 (2009) (Quinn-Brintnall, J., concurring in the result)). We agree that the rule against exploiting the position of representative of the State is well established. But we will not disregard the defendant's obligation to make a timely objection where prejudice can be cured. If misconduct occurs, "the trial court must be promptly asked to correct it. Counsel may not remain silent, speculating upon a favorable verdict, and then, when it is adverse, use the claimed misconduct as a life preserver on . . . appeal." *Jones v. Hogan*, 56 Wn.2d 23, 27, 351 P.2d 153 (1960).

Ms. Fairley argues, as she must, that prejudice from the prosecutor's statement was incurable. We disagree. The statement was, frankly, odd. The interjection by the prosecutor of his status came across as a nonsequitur; it was not persuasive. It has been

5

observed that the failure to make an objection or request a curative instruction in response to argument by a prosecutor strongly suggests that the argument did not appear unduly prejudicial to a defendant in the context of trial. *E.g.*, *State v. Swan*, 114 Wn.2d 613, 661, 790 P.2d 610 (1990). We are satisfied that was the case here. No possible problem was created by the statement that an objection, with or without a request for a curative instruction, would not have cured. The prosecutor's statement was so clearly objectionable yet so marginally effective that the defense probably made a strategic judgment not to object.

Affirmed.

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Kulik, J.P.T.

6